IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-10255-MEL |
| ) | |
| MARATHON INVESTMENT ) | |
| PARTNERS, LP ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR INJUNCTIVE RELIEF AND APPOINTMENT OF RECEIVER**

In support of its Motion for Injunctive Relief and
Appointment of Receiver, Plaintiff, the United States of America
on behalf of its agency the United States Small Business
Administration, respectfully submits this Memorandum of Law and
states as follows:

**I. Introduction**

Through its motion, Plaintiff seeks to (1) permanently
enjoin Marathon, a licensed Small Business Investment Company
("SBIC") from further violating the Small Business Investment Act
of 1958, as amended, 15 U.S.C. § 661, et seq. ("the Act"), and
the regulations promulgated thereunder at 13 C.F.R. § 107.1, et
seq. (the "Regulations"); (2) take exclusive jurisdiction of
Marathon and all its assets wherever situated; (3) permanently
enjoin Marathon, its past and/or present general partners,
officers, directors, agents, employees, managers and creditors,

or any other individual or entity having knowledge of or control over any of the defendant's current or former assets, from encumbering, conveying, disposing, levying, executing or in any other manner dealing with any of the assets of Marathon wherever situated without leave of this Court; and (4) appoint SBA as permanent Receiver of Marathon.  This relief is required to prevent further violations of the Act and Regulations and any dissipation of Marathon's assets, to preserve the federal funds invested in Marathon, to protect the financial integrity of the SBIC program, and to accomplish the orderly liquidation of Marathon.

## II. Relevant Facts

A.    <u>SBA Licensing of Marathon</u>

Section 301 of the Act authorizes SBA to license non-bank financial institutions as small business investment companies ("SBICs") to provide financing for the formation, growth and expansion of small business concerns.  15 U.S.C. § 681.  The Act authorizes SBA to license private companies, including corporations, as SBICs and to invest federal funds in them. 15 U.S.C. §§ 681(c) and 683(b).  In accordance with statutory authorization, SBA licensed Marathon under license number 01/01-0370, on September 30, 1998, as an SBIC pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c).  <u>See</u> Affidavit of M. Cecilia Hoppenjans (hereinafter "<u>Hoppenjans Affidavit</u>"), ¶8,

2

attached as Exhibit 1.  A true and correct copy of the Agreement of Limited Partnership is attached to the Hoppenjans Affidavit as Exhibit 1A.

Marathon is a Delaware limited partnership having filed an Agreement of Limited Partnership on or about May 29, 1998. Hoppenjans Affidavit" at ¶8, attached hereto as Exhibit A. Section 2.8 of Defendant's Agreement of Limited Partnership specifically incorporates the provisions the SBA Annex of General Provisions for an Agreement of Limited Partnership for a Section 301(c) Licensee Without Leverage or Only Issuing Debentures. Article II of the Annex provides that Defendant was organized solely for the purpose of operating under the Act and is subject to the limitations provided in the Act.

B.    SBA Financing of Marathon

In accordance with Section 303 of the Act, 15 U.S.C. § 683b, SBA provided financing to Defendant through the guarantee of the following subordinated debentures:

a.    No. 04658051-04 in the amount of $2,500,000;
b.    No. 04658052-02 in the amount of $2,250,000;
c.    No. 04658053-00 in the amount of $500,000;
d.    No. 04658054-09 in the amount of $750,000;
e.    No. 04658055-07 in the amount of $750,000;
f.    No. 04658056-05 in the amount of $750,000;
g.    No. 04658057-03 in the amount of $600,000;
h.    No. 04658058-01 in the amount of $500,000;
i.    No. 04658059-10 in the amount of $500,000;
j.    No. 04658060-02 in the amount of $500,000;
k.    No. 04658061-00 in the amount of $500,000;
l.    No. 04658062-09 in the amount of $400,000;
m.    No. 04658063-07 in the amount of $2,000,000;
n.    No. 04658064-05 in the amount of $100,000;

```
o.  No. 04658065-03 in the amount of $750,000;
p.  No. 04658066-01 in the amount of $350,000;
q.  No. 04658067-10 in the amount of $750,000.
```

(hereinafter referred to collectively as the "Debentures").

Currently there remains a balance of $15,354,725.58 comprised of

$14,450,000 in principal, $904,725.58 in interest and fees, with

a per diem rate of $3,280.72, outstanding under the Debentures.

Hoppenjans Affidavit, ¶10. True and correct copies of the

Debentures are attached to the Hoppenjans Affidavit as Exhibit

1B.

    C.  Marathon's Condition of Capital Impairment

Section 107.1830 of the Regulations provides that a

Licensee, such as Defendant, has a condition of Capital

Impairment if its capital impairment percentage is greater than

45%. By letter dated May 25, 2004, and in accordance with

Section 107.1810(f) of the Regulations, SBA informed Defendant

that it had a capital impairment percentage of 89.80% based upon

the SBA Form 468 submitted by Marathon for the period ending

March 31, 2004. This capital impairment percentage constituted

an event of default with opportunity to cure. A true and correct

copy of the May 25, 2004 letter is attached to the Hoppenjans

Affidavit as Exhibit 1C. By that same letter dated May 25, 2004,

SBA gave Defendant 15 days, or until June 9, 2004, to cure its

condition of capital impairment. Hoppenjans Affidavit, ¶ 12.

Defendant failed to cure its condition of capital impairment.

Pursuant to the SBA Form 468 submitted by Defendant for the period ending September 30, 2004, the capital impairment ratio rose to 123.4%. Hoppenjans Affidavit, ¶ 13.

As a consequence of its condition of capital impairment, Defendant was notified by letter dated September 2, 2004, that it was being transferred to liquidation status by SBA. Hoppenjans Affidavit, ¶ 14. A true and correct copy of the letter is attached to the Hoppenjans Affidavit as Exhibit 1D. Section 107.1810(g) of the Regulations, 13 C.F.R. § 107.1810 (2004), which governs the Debentures, provides that the entire indebtedness, and/or the principal amount, of an SBIC's debentures may be declared due and payable on the happening of certain events of default, as described in that regulation. By that same letter dated September 2, 2004, SBA accelerated the indebtedness evidenced by the Debentures and made demand for payment in full, totaling $15,053,653.31 comprised of $14,450,000 in principal, $530,809.73 in interest and $72,843.58 in fees, with a per diem rate of $3,280.72 as of September 1, 2004. To date, no payments have been received from Defendant. Hoppenjans Affidavit, ¶ 14. Defendant remains capitally impaired in violation of 13 C.F.R. 107.1810(f)(5) and continues to be indebted to SBA for the total sum of $15,354,725.58, including principal of $14,450,000 and accrued interest and fees in the

amount of $904,725.58  with a per diem interest rate of $3,280.72 as of December 10, 2004.  Hoppenjans Affidavit, ¶ 15.

### III. Argument

A.    SBA is Entitled to Seek an Injunction Preventing Further Violations of the Act and Regulations by Marathon

Section 308(d) of the Act provides that in the event SBA determines that one of its licensed SBICs is in violation of the Act or Regulations and should be removed from the SBIC program, SBA may apply to the appropriate Federal District Court for an adjudication of such violation.  15 U.S.C. § 687(d).  Upon a showing of a violation of the Act or Regulations, the license of the SBIC may then be revoked.  United States v. Vanguard Inv. Co., Inc., 694 F. Supp. 1219, 1223 (M.D.N.C. 1988) ("Vanguard I"), aff'd 907 F.2d 439 (4th Cir. 1990); United States v. Coleman Capital Corp., 295 F. Supp. 1016, 1020 (N.D. Ill. 1969); United States v. Norwood Capital Corp., 273 F. Supp. 236, 239 (D.S.C. 1967).

Section 311 of the Act, 15 U.S.C. § 687c, also affords SBA statutory injunctive relief and the power of receivership in the event of regulatory violations so that the SBIC may be liquidated and removed from the SBIC program in an orderly manner, while at the same time giving the greatest protection to the assets of the company.  Norwood, 273 F. Supp. at 240; Vanguard I, 694 F. Supp. at 1227-28.  Section 311 of the Act, 15 U.S.C. 687c, specifically

authorizes an injunction in instances where a licensee has

engaged in regulatory violations, stating in pertinent part:

> [U]pon a showing by the Administration that [a]
> licensee has . . . engaged . . . [in] any acts or
> practices [which constitute . . . a violation of any
> provision of this Act, or of any rule or regulation
> under this Act], <u>a permanent or temporary injunction,
> restraining order, or other order, shall be granted
> without bond</u>.

15 U.S.C. § 687c(a)(emphasis added).

Moreover, as this is an action for a statutory injunction, it is

not necessary to show irreparable injury or meet the usual

standards for preliminary equitable relief.  <u>United States v.</u>

<u>Vanguard Investment Co., Inc.</u>, 667 F. Supp. 257, 261 (M.D.N.C.

1987) ("Vanguard II"), <u>aff'd</u> 907 F.2d 439 (4th Cir. 1990).  <u>See</u>

<u>also</u>, <u>First Louisiana Inv. Corp. v. United States</u>, 351 F.2d 495,

498 (5th Cir. 1965).

   Marathon has violated, and continues to violate, the Act and

the Regulations by virtue of its condition of Capital Impairment,

in violation of 13 C.F.R. § 107.1810(f)(5).  Marathon is also in

violation of 107.507(a) by virtue of its failure to comply with

the terms of its Agreement of Limited Partnership which requires

Marathon to operate in conformity with the Regulations.  Marathon

and all other licensed SBICs submit themselves to the terms and

conditions of the Regulations when they obtain a license pursuant

to the Act, including Section 311 of the Act relating to

injunctions and receivers.  <u>First Louisiana</u>, 351 F. 2d at 497. An

7

SBIC acquires no vested rights which would immunize it from the requirements of these regulations. <u>Coleman</u>, 295 F. Supp. at 1020; <u>ANA Small Bus. Inv., Inc. v. Small Bus. Admin.</u>, 391 F.2d 739, 746 (9th Cir. 1968); <u>see also</u>, <u>Ray v. United States</u>, 374 F.2d 638, 641 (5th Cir. 1967), <u>cert. den.</u>, 389 U.S. 833, 88 S. Ct. 35, 19 L.Ed.2d 94 (1967); <u>and</u> <u>United States v. Cape Fear Capital Corp.</u>, 286 F. Supp. 135, 137-38 (M.D. Pa. 1968).

Based on the regulatory violations committed by Marathon, SBA has shown a sufficient basis for the granting of the requested receivership and preliminary injunction. <u>United States v. Boca Raton Capital Corp.</u>, 285 F. Supp. 504, 507 (S.D. Fla. 1968). Thus, an order enjoining Marathon and its current management from committing, or continuing to commit, further violations is both necessary and justified.

B.    <u>SBA Should Be Appointed Receiver of Marathon</u>

When, as in this case, an SBIC has violated SBA regulations, the appointment of a receiver is authorized and warranted. 15 U.S.C. § 687c. In cases brought under Section 311 of the Act, 15 U.S.C. § 687c, an injunction "shall be granted" and a receiver will be appointed upon a showing of any violation of the Act or Regulations, or of a rule, provision or order of the SBA. <u>See</u> <u>First Louisiana</u>, 351 F.2d at 497-98; <u>and</u> <u>Coleman</u>, 295 F. Supp. at 1020. In upholding the District Court's issuance of a

8

preliminary injunction and the appointment of a temporary
receiver, the Court in <u>First Louisiana</u> stated:

> The appellant would have us test the exercise of the
> court's discretion in the appointment of a receiver for
> it by conventional standards.  The appellant would have
> us hold that the statutory provision for a
> receivership, 15 U.S.C.A. 687c(b), supra, is only a
> jurisdictional provision and does not affect the usual
> requirements for invoking this extraordinary remedy.
> We do not so read the statute.  <u>It is our opinion that
> where a licensee has engaged in violation of the Act or
> of rules, regulations or orders issued pursuant to the
> Act, the court has the power, under the statute, to
> appoint a receiver as well as to grant injunctive
> relief.</u>

351 F.2d at 497-98.  (Emphasis added.)

Courts have granted injunctive relief and appointed a
receiver to take charge of the assets of an SBIC on the basis of
violations of the Act and Regulations similar to those found
here, including for capital impairment (<u>Vanguard I</u> and <u>Vanguard
II</u>).  In addition, the <u>Norwood</u> court noted that capital
impairment was a sufficient basis (along with failure to pay) for
SBA to obtain relief under Section 311 of the Act.  <u>Norwood</u>, 273
F. Supp. at 240, fn. 8.

Section 311(c) of the Act, 15 U.S.C. § 687c(c), gives this
Court the discretion to appoint the Agency to act as receiver:

> The Administration shall have the authority to act as
> trustee or receiver of the licensee.  Upon request by
> the Administration, the court may appoint the
> Administration to act in such capacity unless the court
> deems such appointment inequitable or otherwise
> inappropriate by reason of the special circumstances
> involved.

9

15 U.S.C. § 687c (c).

The court in Norwood considered the legislative history of the Act's authorization of courts to appoint SBA as receiver, surveyed the status of the affairs of the defendant SBIC, and found a congressional mandate to utilize its equitable powers. Id., at 240-41.  Thus, the court in Norwood held that SBA was the appropriate agency to be appointed receiver of the defendant SBIC, since the purpose of such federal receivership was to protect the assets of a licensed SBIC pending the Administration's recovery on its investment, as well as to permit discovery of past abuses of federal funds.  The court in Norwood took exclusive jurisdiction of the defendant and its assets, pursuant to Section 311(b) of the Act, 15 U.S.C. § 687c(b), so that SBA, as Receiver, could properly liquidate the company. Norwood, supra.

SBA has irrefutably shown that Marathon has violated, and continues to violate, the Act and the Regulations.  In accordance with Section 311 of the Act, 15 U.S.C. §687c, SBA is now invoking its power not only to obtain statutory injunctive relief, but to be appointed receiver of Marathon so that Marathon may be removed from the SBIC program in an orderly manner and its remaining assets may be protected and liquidated.

## IV. Conclusion

As described herein, Marathon has violated the Regulations by maintaining a capital impairment ratio of greater than 45%. For this reason, Plaintiff hereby requests that this Court (1) take exclusive jurisdiction of Marathon and all of its assets wherever situated; (2) enjoin Marathon, its past and/or present general partners, officers, directors, agents, managers, employees and creditors, or any other individual or entity having knowledge of or control over any of the defendant's current or former assets, from encumbering, conveying, disposing, levying, executing, or in any other manner dealing with any of the Marathon's assets wherever situated; (3) enjoin Marathon from further violating the Act and Regulations; (4) appoint SBA as Receiver of Marathon; and (5) enter judgment in favor of SBA and against Marathon in the amount of $15,354,725.58 comprised of $14,450,000 in principal, $904,725.58 in interest and fees, with a per diem rate of $3,280.72 as of December 10, 2004 until the date of judgment, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

Dated: February 15, 2005 By:  /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303


U.S. SMALL BUSINESS ADMINISTRATION

Dated: February 15, 2005 By:  */S/ Arlene M. Embry
ARLENE M. EMBREY, ESQ.
Trial Attorney
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
(202) 205-6976
Facsimile: (202) 481-0324

*    Arlene M. Embry, attorney for the SBA, has authorized AUSA
Christopher R. Donato to sign this pleading on her behalf.

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the
plaintiff's Memorandum of Law in Support of Plaintiff's Motion
for Injunctive Relief and Appointment of Receiver was served by
first class mail, postage prepaid, upon the attorney for the
defendant at the following address:

Charles R. Bennett, Jr., Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108-3107

Dated: February 15, 2005          /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney

12

Please note:  Exhibits 1, 1A, 1B, 1C, and 1D of the Plaintiff's Memorandum of Law in Support of Motion for Injunctive Relief and Appointment of Receiver were not scanned due to their volume.  These Exhibits will be filed separately today with the Clerk's Office.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 05-10255-MEL |
| | ) |
| MARATHON INVESTMENT | ) |
| PARTNERS, LP | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a permanent injunction, and the appointment of the SBA as Permanent Receiver for Marathon Investment Partners, LP.  The Court, being fully advised on the merits, believes this relief should be granted:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Marathon Investment Partners, LP ("Marathon"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of Marathon to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering,

marshalling and, if necessary, liquidating all of Marathon's
assets to satisfy the claims of creditors therefrom in the order
of priority as determined by this Court.

2.    The Receiver shall have all powers, authorities, rights
and privileges heretofore possessed by the partners, managers,
officers, and directors of Marathon under applicable state and
federal law and by the Charter, By-Laws and Partnership Agreement
of said partnership, in addition to all powers and authority
conferred upon the Receiver by the provisions of 15 U.S.C. § 687c
and 28 U.S.C. § 754.  The partners, managers, directors,
officers, employees and agents of Marathon are hereby dismissed.
Such persons shall have no authority with respect to Marathon's
operations or assets, except as may hereafter be expressly
granted by the Receiver.  The Receiver shall assume and control
the operation of Marathon and shall pursue and preserve all of
its claims.

3.    The past and/or present officers, directors, agents,
managers, general partners, accountants, attorneys and employees
of Marathon, as well as all those acting in their place, are
hereby ordered and directed to turn over to the Receiver
forthwith all books, records, documents, accounts and all other
instruments and papers of said partnership and all other assets
and property of the partnership, whether real or personal.

2

Marathon shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Marathon as well as the names, addresses and amounts of claims of all known creditors of Marathon.  All persons having control, custody or possession of any assets or property of Marathon, including its former General Partner, Marathon Investment Partners, LLC, are hereby directed to turn such property over to the Receiver.

4.   The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, shareholders, creditors, debtors and agents of Marathon.  All persons and entities owing any obligations or debts to Marathon shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Marathon had received such payments.

5.   The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Marathon, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized

to expend receivership funds to compensate such personnel in such
amounts and upon such terms as the Receiver shall deem reasonable
in light of the usual fees and billing practices and procedures
of such personnel.  The Receiver is not required to obtain Court
approval prior to the disbursement of receivership funds for
payments to personnel employed by the Receiver or payments for
expenses incidental to administration of the Receivership.  In
addition, the Receiver is authorized to reimburse the SBA or its
employees for travel expenses incurred by SBA personnel in the
establishment and administration of the receivership.  The
Receiver may, without further order of this Court, transfer,
compromise, or otherwise dispose of any claim or asset, other
than real estate, which would result in net proceeds to the
Receiver.

6.  Marathon's past and/or present officers, directors,
agents, managers, general partners, shareholders, employees, and
other appropriate persons (including, without limitation, the
defendant's portfolio of small business concerns and banks or
other financial institutions doing business with defendant and/or
defendant's portfolio of small business concerns) shall answer
under oath, pursuant to a Receiver's Notice or Subpoena, to the
Receiver, all questions which it may put to them regarding the
business of said partnership, or any other matter relevant to the

4

operation or administration of the receivership or the collection of funds due to Marathon.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Marathon or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Marathon, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.    The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Marathon or any assets of Marathon, involving Marathon or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Marathon's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Marathon, are enjoined from taking

5

any action, including discovery, commencing or continuing any
legal proceeding of any nature in connection with any proceeding.

   8.   All civil legal proceedings wherever located, including
arbitration proceedings, foreclosure activities, bankruptcy
actions, or default proceedings, but excluding the instant
proceeding, involving Marathon or any of its assets or any action
of any nature taken by Marathon's present or past officers,
directors, managers, or general partners sued for, or in
connection with, any action taken by them while acting in their
official capacity whether as plaintiff, defendant, third-party
plaintiff, third-party defendant, or otherwise, are stayed in
their entirety, and all Courts having any jurisdiction thereof
are enjoined from taking or permitting any action until further
Order of this Court.

   9.   Marathon and its past and/or present directors,
officers, managers, general partners, agents, employees and other
persons acting in concert or participation therewith be, and they
hereby are, enjoined from either directly or indirectly taking
any actions or causing any such action to be taken which would
dissipate the assets and property of Marathon to the detriment of
the Receiver appointed in this cause, including but not limited
to destruction of partnership records, or which would violate the
Small Business Investment Act of 1958, as amended, (the "SBIA"),

15 U.S.C. Section 661 <u>et</u> <u>seq.</u>, or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 <u>et</u> <u>seq</u>.

10.  The Receiver is authorized to borrow on behalf of Marathon, from the SBA, up to $1,000,000, and is authorized to cause Marathon to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Marathon, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Marathon.

11.  This Court determines and adjudicates that Marathon has violated the SBIA and the Regulations, as alleged in the Complaint filed in this matter.  After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Marathon's license as an SBIC be revoked.

12.  The United States Small Business Administration is further entitled to a judgment in the total sum of $15,354,725.58, including principal of $14,450,000 and accrued interest and fees in the amount of $904,725.58 with a per diem

rate of $3,280.72 as of December 10, 2004 up to the date of entry

of this Order, plus post judgment interest pursuant to 28 U.S.C.

§ 1961 as of the date of entry of this Order.


**SO ORDERED** this _____ day of _____, 2005.


_____

**UNITED STATES DISTRICT JUDGE**