IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARATHON INVESTMENT<br>PARTNERS, LP<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-10255-MEL

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE AFFIRMATIVE DEFENSES AND
FOR ENTRY OF JUDGMENT ON THE PLEADINGS**

In support of its Motion to Strike Affirmative Defenses and for Entry of Judgment on the Pleadings, the United States of America (hereinafter "plaintiff") on behalf of its agency the United States Small Business Administration ("SBA"), states as follows:

**BACKGROUND**

On February 9, 2005, the plaintiff filed its complaint in this matter. (Docket No. 1). The complaint alleged that Marathon Investment Partners, LP (hereinafter "defendant"), a small business investment company regulated by SBA, had a capital impairment percentage over and above the maximum allowed by the Small Business Investment Act of 1958, 15 U.S.C. §661 et. seq ("the Act"), as amended, and the regulations promulgated thereunder at 13 C.F.R. 107.1 et. seq ("the Regulations").

Specifically, Section 107.1830 of the Regulations provides that
an SBIC such as the defendant, has a condition of capital
impairment if its capital impairment percentage is greater than
45%.  The defendant has admitted that it had a capital impairment
ratio of 123.4% as of September 30, 2004 and has to date failed
to cure its condition of capital impairment.

On February 15, 2005, the plaintiff filed its Motion for
Permanent Injunction and Appointment of Receiver and the
Memorandum in Support thereof (Docket Nos. 2 and 3).  The motion
requested that this Court find that the defendant was in
violation of the Act and Regulations and that this Court appoint
SBA as liquidating receiver pursuant to the statutory injunctive
provisions of the Act which state that an injunction "shall
issue" and a receiver can be appointed if the court finds that an
SBIC has violated the Act or Regulations.  15 U.S.C. § 687c
(a),(b).  On March 14, 2005, the defendant filed its Answer
(Docket No. 7) raising the affirmative defenses of laches and
breach of contract against the government.  The defendant also
filed a Memorandum in Opposition to Plaintiff's Motion for
Permanent Injunction and Appointment of Receiver. (Docket No. 8).

As discussed below, the affirmative defenses should be
stricken for legal insufficiency pursuant to Federal Rule of
Civil Procedure 12(f).  Since the defendant has admitted to being
in violation of the Regulations as alleged in the Complaint,

judgment in favor of the plaintiff should be entered on the
pleadings pursuant to Federal Rule of Civil Procedure 12(c).

**ARGUMENT**

**I.     Standard for Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides
that "the court may order stricken from any pleading any
insufficient defenses." Fed. R. Civ. P. 12(f).  In order to have
an affirmative defense stricken, the plaintiff must show that it
would succeed despite any set of facts which could be proved in
support of the defense.  <u>F.D.I.C. v. Gladstone</u>, 44 F.Supp.2d 81,
85-86 (D. Mass 1999).  As discussed in detail below, the
plaintiff has made the requisite showing that even if all facts
as pled by Defendant are taken as true, the plaintiff will
prevail.

**II.    Defendant's First Affirmative Defense of Laches Should be
       Stricken**

For its first affirmative defense, the defendant submits the
equitable theory of laches against the government.  The Supreme
Court has held that the United States is not subject to the
defense of laches when enforcing its rights.  <u>United States v.
Summerlin</u>, 310 U.S. 414, 416 (1940).  Likewise, the First Circuit
has held that "[l]aches ordinarily cannot be raised as a defense
against the government in an action brought to enforce a public
right or protect a public interest." <u>Texaco Puerto Rico, Inc. v.</u>

3

<u>Department of Consumer Affairs</u>, 60 F.3d 867, 878 (1ˢᵗ Cir. 1995);
<u>United States v. McLoughlin</u>, 7 F.Supp.2d 90, 92 (D. Mass. 1998).
In its Memorandum in Opposition to the plaintiff's Motion for
Permanent Injunction and Appointment of Receiver, the defendant
argues that the government is guilty of laches and is not
entitled to the relief requested.  The defendant, however, admits
that although laches "may not technically be an affirmative
defense" this Court should find that laches has attached against
the Government because the government is acting "in a mere
commercial capacity as creditor . . . ." <u>Memo in Opp</u>. pp. 10-11.
This argument is simply incorrect.

     It is undisputed that this matter has been brought by the
United States on behalf of SBA, the federal agency and regulator
deemed with the oversight of the small business investment
company program.  <u>Complaint</u>, ¶2; <u>Answer</u>, ¶2; <u>see</u> <u>United States v.</u>
<u>Coleman Capital Corp.</u>, 387 F.2d 916, 917 (7ᵗʰ Cir. 1967); <u>United</u>
<u>States v. Cape Fear Capital Corp.</u>, 286 F.Supp. 135, 136 (M.D. Pa
1968).  It is also undisputed that the defendant is in violation
of at least one of the provisions of the Act and Regulations.
<u>Complaint</u>, ¶18;  <u>Answer</u>, ¶18.  The cases cited by the defendant
in support of its position that SBA is "merely a creditor"
involved the United States as the drawer and/or drawee of
commercial paper.  In <u>Clearfield Trust Co. v. United States</u>, 318
U.S. 363, 369 (1943), the Supreme Court held that the United

4

States as drawee of a forged check could recover on a fraud claim against the endorser of a forged check where the Government's delay in notifying the endorser of the fraud caused the endorser no damage.  In United States v. Nat'l Exchange Bank, 270 U.S. 527, 534 (1926), the Supreme Court held that where United States was both drawer and drawee of a raised check that was cashed the Government could not recover the overpayment from a holder for value.  Neither of these cases is even remotely on point with the statutory cause of action the plaintiff is bringing against the defendant.

The plaintiff brings this suit on behalf of the federal regulator pursuant to a federal statute and the remedies available thereunder.  Complaint, ¶2.  The United States is not bound by laches unless Congress expressly provides otherwise. United States v. Harrison, 188 F.Supp.2d. 77, 79-80 (D. Mass 2002). The defendant fails to, and cannot, point to any provision of the Small Business Investment Act that provides for a laches defense against SBA for actions brought to enforce the regulations.  Regardless, the defendant argues that the plaintiff is barred by laches because of its alleged delay in bringing this matter.  The defendant admits it has been capitally impaired and, therefore, in violation of the Small Business Investment Act and its Regulations, since 2000.  Memo in Opp., p. 10-11.  The defendant goes on to state that it "justifiably relied" on the

5

government's "inaction" and that had the government "enforced the capital impairment restrictions earlier" and acted sooner the defendant could have somehow avoided the illegal condition of capital impairment the defendant has been in almost since its inception. Id. at 11. Apparently, the defendant is arguing that the plaintiff should have moved for a receivership sooner and that the plaintiff's attempts to accommodate the defendant in an effort to keep the defendant operating were unreasonable and gave rise to laches. Not surprisingly, the defendant cannot find one case on point and cannot cite to one relevant legal authority in support of its argument. Moreover, the defendant's argument that the plaintiff unreasonably waited to bring this action is belied and rebutted by its own exhibits. In the Declaration of Thomas Lee, submitted by the defendant in support of its Memorandum in Opposition, Mr. Lee describes the efforts and negotiations conducted by SBA from 2000 to 2004. Lee Declaration, ¶25-45[1]. It strains credulity to believe that SBA is guilty of inaction when

---

[1] In paragraphs 43-45 of the Lee Declaration, Mr. Lee apparently attempts to bolster the laches argument by stating that SBA gave the defendant differing deadlines by which the defendant had to execute consent receivership pleadings or SBA would file this proceeding as an adversary proceeding, which it did on February 9, 2005. What Mr. Lee curiously omits from his affidavit is that the different deadlines were given in response to Marathon's repeated representations, through counsel it employed at the time, that it was considering consenting and was actively reviewing the draft consent pleadings provided by SBA. When it became clear that no such consent would be given, SBA filed this action. Therefore the cause of any "delay" in filing this proceeding lies with the defendant.

it was actively communicating with the defendant throughout the defendant's existence as a licensed SBIC.  The exhibits attached to the <u>Lee Declaration</u> only exemplify the continuing efforts made by SBA over a four-year period to keep the defendant operational. The plaintiff is not guilty of any unreasonable delay and the defendant is unable, and has failed, to show any such delay, bad faith or any other act on the part of the plaintiff that would support a laches defense, even assuming one was available.  The defendant has also failed to make a showing of any injury or prejudice caused to the defendant by SBA; on the contrary, the defendant's current management has actually benefitted by remaining in control of the defendant during this time period.

The Complaint and Motion for Permanent Injunction and Appointment of Receiver are brought by the plaintiff in its capacity as federal regulator for the Small Business Investment Company program. Congress vested this authority in SBA through the Small Business Investment Act and further authorized SBA to pursue all available remedies for violations of the Act and Regulations.  It is clear from the decisions of the Supreme Court, the First Circuit Court of Appeal, and this Court that laches does not attach to the government when suing in its capacity as federal regulator and protector of the public interest.  Consequently, the defendant's first affirmative defense is insufficient as a matter of law and should be stricken

7

pursuant to Federal Rule of Civil Procedure 12(f).

### III. Defendant's Second Affirmative Defense of Breach of Contract Should be Stricken

For its second affirmative defense, the defendant alleges that the plaintiff's claim is barred by a contract between SBA and the defendant. The defendant makes the sweeping argument that a letter dated June 19, 2002 from SBA to the defendant, attached by the defendant to the Lee Declaration as Exhibit 5, purports to create a contract between SBA and the defendant that " . . . forecloses its [SBA's] efforts to seek a receivership on account of the capital impairment but also prevented the government from accelerating the debentures on account of capital impairment." Memo in Opp. n. 5.

Even assuming *arguendo* that the June 19, 2002 letter created a legally binding contract between SBA and the defendant, the defendant cannot point to one provision indicating that SBA agreed to forebear from exercising its remedies against the defendant for a specific period of time, nor can the defendant point to any agreement or provision indicating that SBA waived any of its rights and remedies under the Act and Regulations for any period of time, let alone forever.  In fact, by letter dated May 25, 2004, attached by the defendant to the Lee Declaration as Exhibit 6, SBA specifically indicates that while the defendant would be allowed to continued to operate under the terms of the

8

June 19, 2002, SBA specifically reserved the right to reconsider its decision " . . . if, upon receipt of Licensee's March 31, 2004 quarterly SBA Form 468 . . . there were no reported liquidity events or the Licensee experienced additional write-offs and realized losses." The May 25, 2004 letter goes on to indicate that as no liquidity events had occurred, Licensee was in default of the terms of its SBA guaranteed debentures and had 15 days to cure its condition of capital impairment which at that time was 89.80%. The letters unequivocally indicate that the decision to declare the defendant in default, which was never waived[2] by SBA, is not linked to the terms of the June 19, 2002 letter as argued by the defendant. Instead, the declaration of default and the subsequent acceleration of debt is a direct consequence of current management's continued failure to cure its condition of capital impairment.[3]

In <u>United States v. Cape Fear Capital Corp</u>., SBA sought an adjudication that the defendant SBIC had violated the Act and Regulations and sought a money judgment. In a similar defense to

---

[2] Clear and express language is typically required for waiver of a known right. <u>Tompkins v. United Health Care of New England, Inc.</u>, 203 F.3d 90, 97 (1st Cir. 2000).

[3] In its Answer, Defendant denies that SBA accelerated the debt owed by Defendant. <u>Answer</u>, ¶18. It basis this denial on this faulty "breach of contract" affirmative defense. <u>Memo in Opp.</u>, p.12 n.5. Given that Defendant cannot make a showing that SBA waived its right to accelerate, even assuming a valid contract was ever created, the argument that the September 2, 2004 letter attached as Exhibit 7 to the <u>Lee Declaration</u> did not act as an acceleration of debt is unfounded.

9

the one brought by the defendant, the <u>Cape Fear</u> defendants raised the affirmative defense of estoppel claiming that they were led to believe by SBA that compliance with the regulations would not be required as the defendant was minimizing expenses and arranging liquidation.  286 F.Supp. at 137.  The <u>Cape Fear</u> court dismissed the affirmative defenses and granted the relief requested by SBA on the grounds that the record did not evidence any conduct by SBA that misled the defendants in any way, nor was there any evidence of waiver on the part of SBA.  <u>Id.</u>  Similarly, in this matter the defendants can show no action, statement or writing on the part of SBA that could have possibly led them to believe that the capital impairment regulations were waived by SBA for eternity and would never be acted upon.

The defendant's failure to point to any waiver of SBA's remedies under the Act and Regulations is fatal to the breach of contract claim raised by the second affirmative defense. Therefore, the second affirmative defense is insufficient as a matter of law and should be stricken pursuant to Federal Rule of Civil Procedure 12(f).

**IV.  <u>The Plaintiff Is Entitled to Judgment on the Pleadings</u>**

Judgment on the pleadings should be entered in favor of the plaintiff in accordance with Federal Rule of Civil Procedure 12(c).  In order to succeed on a motion for judgment on the pleadings, the plaintiff must show that, taking the allegations

10

in the defendant's pleadings as true, the defendant can show no
set of facts in support of its defense entitling it to relief.
Moghaddam v. Dunkin' Donuts, Inc., 295 F.Supp.2d 136, 138-139 (D.
Mass 2003)(citations omitted).  The success of a motion for
judgment on the pleadings depends "upon whether the pleadings
taken as a whole, reveal any potential dispute about one or more
of the material facts." Gulf Coast Bank & Trust Co. v. Reder, 355
F.2d 35, 37-38 (1st Cir. 2004).  A material fact is one which
"might affect the outcome of the suit under the governing law."
Carcieri v. Norton, 398 F.3d 22, 29 (1st Cir, 2004) (citations
omitted).  There is no dispute as to any of the material facts
in this matter.

The defendant is a small business investment company
regulated by SBA.  Complaint, ¶4; Answer, ¶4.  The defendant's
Agreement of Limited Partnership Agreement incorporates the Act
and Regulations governing the defendant.  Complaint, ¶6; Answer,
¶6.  The defendant has admitted to at least one violation of the
Act and Regulations alleged in the Complaint and has admitted the
violation remains uncured.  Complaint, ¶18; Answer, ¶18.  The
Small Business Investment Act, 15 U.S.C. 687c, states that:

> Whenever, in the judgment of the Administration, a
> licensee or any other person has engaged or is about to
> engage in any acts or practices which constitute or
> will constitute a violation of any provision of this
> chapter, or of any rule or regulation under this
> chapter, or of any order issued under this chapter, the
> Administration may make application to the proper

11

district court of the United States or a United States
court of any place subject to the jurisdiction of the
United States for an order enjoining such acts or
practices, or for an order enforcing compliance with
such provision, rule, regulation, or order, and such
courts shall have jurisdiction of such actions and,
upon a showing by the Administration that such licensee
or other person has engaged or is about to engage in
any such acts or practices, a permanent or temporary
injunction, restraining order, or other order, <u>shall be
granted</u> without bond. (emphasis added).

A plain reading of the statute indicates that, upon a showing by

SBA that a Licensee is in violation of the Act or Regulations, a

permanent or temporary injunction should be granted.  In <u>United

States v. Massachusetts Water Resources Authority</u>, 256 F.3d 36

(1st Cir. 2001), the First Circuit held that the Court's freedom

to make an independent assessment of the equities and public

interest is circumscribed to the extent Congress has already made

such assessments with respect to the type of case before the

Court and is thus different from the situation where a party is

seeking equitable relief in the form of an injunction.  <u>Id.</u> at

47-48.  The plain language of the SBIA makes it clear that once a

showing of a violation of the Act and Regulations is made, an

injunction must issue.[4]

---

[4] The defendant argues in its Memorandum in Opposition that the
plaintiff's Motion for Permanent Injunction is premature,
however, this Court has the discretion to enter a permanent
injunction, as well as a preliminary injunction, upon the showing
of a violation.  Although the plaintiff has argued and prayed for
a permanent injunction, it will not object to entry of a
preliminary injunction if that is the type of relief this Court
deems appropriate.

12

The plaintiff has made the showing, and the defendant has admitted, that the defendant is in violation of the Act and the Regulations due to its condition of capital impairment.  The defendant has failed to establish that any material facts, those which would affect the outcome of this suit, are in dispute.  Therefore, the plaintiff is entitled to judgment on the pleadings and to the relief requested therein.

**V.    <u>The Plaintiff Is Entitled to the Appointment of SBA as Receiver for the Defendant</u>**

The Small Business Investment Act provides that this Court ". . . may, to such extent as it deems necessary, take exclusive jurisdiction of the licensee or licensees and the assets thereof, wherever located; and the court shall have jurisdiction in any such proceeding to appoint a trustee or receiver to hold or administer under the direction of the court the assets so possessed."  15 U.S.C. § 687c (b).  The defendant argues that the appointment of a receiver is not in its best interest nor in the interests of its partners or portfolio concerns. <u>Memo in Opp</u>. p. 8.  The defendant also boldly makes the unsupported proclamation that it is not in SBA's interest to have SBA appointed receiver for the defendant.  The plaintiff disagrees with the defendant's self-serving statement.  Only SBA as regulator and federal agency can make the determination of what is in the best interest of SBA, the SBIC program and the federal funds invested in the

13

defendant that are at risk, and that have been at risk, for the majority of the defendant's existence as an SBIC.

The defendant further states that an SBA receiver would have no interest in liquidating the portfolio. That statement is simply untrue. As a creditor of the defendant, SBA shares *pro rata* with all of the defendant's other creditors, subject to the exceptions listed in the Regulations, and is, upon information and belief, the defendant's largest creditor. It only behooves SBA as receiver to liquidate the portfolio in order to maximize recovery for all creditors, including the federal treasury. Affidavit of Cecilia Hoppenjans, ¶23 attached as Exhibit A to the plaintiff's Memorandum in Support of Motion for Permanent Injunction and Appointment of Receiver (Docket No. 3).

The defendant next argues that its current management is better suited to liquidate the defendant's assets. The defendant's own exhibits contradict this argument. SBA has had approximately 40 years of experience in liquidating SBICs as their receiver and currently oversees the liquidation of approximately 26 SBICs in receivership. Hoppenjans Affidavit, ¶21. Current management has no such experience. Regardless, the defendant argues that its current management has more detailed knowledge of the portfolio concerns than SBA currently has. Memo in Opp. p. 8. It is no great achievement for managers of a federal financial institution to be familiar with their portfolio

14

concerns.  Although current management would be dismissed if the
proposed receivership order is entered, they would not be
enjoined from communicating with the receiver at anytime.  One of
the initial functions SBA as receiver undertakes is to discuss
the status of all portfolio concerns with former management.

The defendant next argues that since SBA did not allege
wrong-doing on the part of the defendant's current management in
the complaint, SBA cannot be appointed receiver.  This misreading
of the cases cited by the plaintiff in its Motion for Permanent
Injunction and Appointment of Receiver is contradicted by the
plain language of the statute.  Nowhere in the statute does
Congress make wrongdoing a condition precedent for the issuance
of an injunction or for the appointment of a receiver.  The
statute as well as the cases applying the statute make clear that
the relief requested by the plaintiff is available upon the
showing of "a" violation.  15 U.S.C. §687(a).  Moreover, Courts
have granted injunctive relief and appointed a receiver to take
charge of the assets of an SBIC on the basis of capital
impairment.  See United States v. Boca Raton Capital Corp., 285
F.Supp. 504, 507 (S.D. Fl. 1968); United States v. Vanguard
Investment Company, 667 F.Supp. 257, 263 (M.D.N.C. 1987).

Finally, and most alarming to the plaintiff, is the
defendant's attitude towards the unfunded commitments owed
Marathon.  The defendant equates the calling of unfunded

15

commitments with the payment of interest due on its debentures.
Memo in Opp. p. 9; Lee Declaration, ¶42.  The December 8, 2004
letter, attached to the Lee Declaration as Exhibit 8, articulates
SBA's position that unfunded commitments are obligations due the
SBIC.  These obligations may be called by a debenture SBIC's
management (or by the receiver if one is appointed.  These
obligations are crucial to the SBIC program: when determining the
amount of leverage, in the defendant's case in the form of
debentures, an SBIC is entitled to borrow from SBA, SBA considers
unfunded commitments as part of the SBIC's capital and relies
upon its management to call and collect those commitments when
the capital is needed by the SBIC.  Even though the defendant has
a condition of capital impairment in excess of that allowed under
the Regulations, and has been in that condition for almost 5
years, current management has absolutely refused to call in its
unfunded commitments and re-capitalize the SBIC.  This refusal is
clearly detrimental to the defendant and to the detriment of its
creditors, including the federal government which is now owed
over $15 million.  The only entities benefiting from the
defendant's inexplicable refusal to collect the unfunded
commitments are those partners who have not funded their
commitment in full.

Thus, it appears current management is acting in the best
interest of the unfunded partners and to the detriment of the

16

SBIC in violation of their fiduciary duty and in violation of Section 314(b) of the Small Business Investment Act, 15 U.S.C. §687f. That section provides, in part, that it shall be unlawful for a participant in the management or conduct of the affairs of an SBIC to engage in any act or practice, or to omit any act, in breach of his fiduciary duty, if as a result thereof, the SBIC suffered or is in danger of suffering financial loss or other damage. While a violation of this provision of the Act has not been alleged in the complaint against the defendant itself, it is something which will be closely examined by the Receiver if it is appointed. Given current management's refusal to act in the best interest of the SBIC, there can be no doubt that SBA is the proper party to be appointed receiver of the defendant and that current management must be removed.

## CONCLUSION

The defendant has admitted to violating the capital impairment provisions of the Regulations as alleged in the Complaint.  As the defendant's affirmative defenses are legally insufficient and should be stricken pursuant to Federal Rules of Civil Procedure 12(f), the plaintiff respectfully requests that this Court (1) enter judgment on the pleadings in favor of the plaintiff pursuant to Federal Rule of Civil Procedure 12(c) in the amount of  $15,354,725.58 as of December 10, 2004, including principal of $14,450,000 and accrued interest and fees in the amount of $904,725.58 with a per diem interest rate of $3,280.72 to the date of judgment, plus post judgment interest, and (2) appoint SBA as permanent liquidating receiver of the defendant.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

Dated: April 1, 2005    By:   /S/ Christopher R. Donato
Christopher R. Donato
Assistant U.S. Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

18

U.S. SMALL BUSINESS ADMINISTRATION

Dated: April 1, 2005        By:   */S/ Arlene M. Embry
                                  ARLENE M. EMBREY, ESQ.
                                  Trial Attorney
                                  U.S. Small Business Administration
                                  409 Third Street, Seventh Floor
                                  Washington, D.C. 20416
                                  (202) 205-6976
                                  Facsimile: (202) 481-0324

*     Arlene M. Embry, attorney for the SBA, has authorized AUSA
      Christopher R. Donato to sign this pleading on her behalf.

### CERTIFICATE OF SERVICE

      I hereby certify that on this day a true copy of the
plaintiff's Memorandum in Support of Motion to Strike Affirmative
Defenses and for Entry of Judgment on the Pleadings was served by
first class mail, postage prepaid, upon the attorney for the
defendant at the following address:

Theodore J. Folkman, Esq
Charles R. Bennett, Jr., Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108-3107

Dated: April 1, 2005           /S/ Christopher R. Donato
                               Christopher R. Donato
                               Assistant U.S. Attorney

19

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
v.                              )     Civil Action No. 05-10255-MEL
                                )
MARATHON INVESTMENT             )
PARTNERS, LP                    )
                                )
          Defendant.            )
_____)
```

**ORDER GRANTING THE PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE
DEFENSES AND FOR ENTRY OF JUDGMENT ON THE PLEADINGS**

This matter came before this Court upon the plaintiff's
Motion to Strike Affirmative Defenses.  After review of the
pleadings, it is hereby **ORDERE**D that

(1)  The plaintiff's Motion is hereby granted**;**

(2)  The First and Second Affirmative Defenses raised by the
defendant Marathon Investment Partners, are hereby stricken
pursuant to Federal Rule of Civil Procedure 12(f) on the grounds
that the affirmative defenses lack legal sufficiency; and

(3)  The plaintiff's Motion for Judgment on the Pleadings is
hereby granted.  Judgment is hereby entered in favor of the
United States of America, on behalf of its agency, the United
States Small Business Administration, in the amount of
$15,354,725.58 as of December 10, 2004, including principal of
$14,450,000 and accrued interest and fees in the amount of
$904,725.58 with a per diem interest rate of $3,280.72 to the

date of judgment, plus post judgment interest at a rate of _____

*per annum*.

      **SO ORDERED this _____ day of _____, 2005.**


_____
THE HONORABLE MORRIS LASKER
UNITED STATES DISTRICT COURT SENIOR JUDGE