UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MARATHON INVESTMENT PARTNERS, LP,<br>    Defendant. | Civil Action No. 05-10255 MEL |

**RESPONSE TO REQUEST
FOR PROPOSED ORDER**

In accordance with the Court's Order of April 28, 2005, the Defendant Marathon Investment Partners, LP submits the attached proposed order for injunctive relief.

              MARATHON INVESTMENT
              PARTNERS, LP

              By its Attorneys,
              HANIFY & KING, P.C.

              /s/ Charles R. Bennett, Jr.
              Charles R. Bennett, Jr. (BBO #037380)
              Hanify & King, P.C.
              One Beacon Street
              Boston, MA 02108
              (617) 423-0400

Dated: May 5, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　Plaintiff,<br><br>　　　　vi.<br><br>MARATHON INVESTMENT PARTNERS, LP,<br>　　　　　　　　Defendant. | Civil Action No. 05-10255 MEL |

## ORDER

This matter having come before the Court upon the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), seeking, among other relief, an injunction against the Defendant, Marathon Investment Partners, LP, and the appointment of a receiver, after hearing, the Court grants so much of the relief that seeks the entry of an injunction and, accordingly,

**HEREBY ORDERS, ADJUDGES AND DECREES THAT**:

1.　Marathon and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be and they hereby are enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Marathon to the detriment of the SBA, including but not limited to the destruction of partnership records, or which would violate the Small Business Investment Act of 1958 as Amended (the "SBIA") or the regulations promulgated thereunder (the "Regulations").

2.　Marathon shall, on the first day of each month commencing effective as of May 1, 2005, made monthly interest payments to the SBA. Interest shall be determined ion the

outstanding debt at an annual rate of prime as published in the Wall Street Journal. In order to ensure that the payment to the SBA of interest is timely made, the SBA is hereby directed and authorized to withdraw the monthly interest payment from the bank account maintained by Marathon and Marathon shall execute the agreement necessary to allow the SBA to automatically withdraw the monthly interest payment from the Marathon bank account..

3. Marathon, its officers, directors, agents, managers, general partners, shareholders and employees are hereby directed to deposit all monies paid to Marathon by any of Marathon's portfolio or small business concerns, or any other proceeds of the SBA collateral, into the Marathon bank account. Marathon shall provide to the SBA within ten (10) days of this Order a listing of all bank accounts maintained by Marathon, and Marathon shall maintain no other bank accounts unless Marathon provides notice to the SBA in advance of opening any such bank account and executes any such documents as the SBA may deem reasonably necessary in order to perfect the SBA's interest in the funds in such account.

4. Marathon shall provide to the SBA by May 25, 2005, a budget reflecting anticipated revenues and expenditures for the period through December 31, 2005. Marathon shall not make any expenditures not provided for in the budget unless specifically authorized by the SBA.

5. Marathon shall comply with the notice requirements of its Agreement with the SBA. In addition, Marathon shall, on the first day of each month commencing June 1, 2005, provide to the SBA a budget comparing actual performance to projected. Marathon shall also include in its monthly reports a status report advising the SBA of any activities which had occurred with respect to the portfolio companies, any action taken by Marathon to realize on its interest in the portfolio companies and any changes in Marathon's business plan for the portfolio

companies.

6.  Marathon shall continue to manage its portfolio companies in a reasonable and prudent manner and shall take no action which would materially or adversely affect the value of those portfolio companies. Without limiting the foregoing, Marathon shall not approve any sale, refinancing or restructuring of any portfolio company without prior notice to the SBA.

7.  Should Marathon fail to comply with any terms of this Order, the SBA may, on five (5) days notice to Marathon, request that the Court enter an order appointing a permanent receiver, and Marathon shall not oppose that order, except to demonstrate that Marathon was not in default of a provision of this Order.

8.  All other relief sought by the SBA is denied, without prejudice.

Dated at Boston within said District this _____ day of _____, 2005.

_____
Morris E. Lasker
District Judge

::ODMA\PCDOCS\DOCS\429572\1