IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 05-10255 (MEL) |
| MARATHON INVESTMENT PARTNERS, LP | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED ORDER**

COMES NOW PLAINTIFF, the United States of America (hereinafter "Plaintiff") on behalf of its agency, the United States Small Business Administration, and in response to the Proposed Order filed by defendant, Marathon Investment Partners, LP (hereinafter "Defendant" or "Marathon") states as follows:

**BACKGROUND**

By Order of this Court, issued April 28, 2005 via telephone conference, Defendant was ordered to submit a proposed order in accordance with this Court's decision of that date which granted Plaintiff the injunctive remedy sought in its motion and complaint for injunction and appointment of a receiver for Marathon. Plaintiff had previously submitted its proposed order on February 9, 2005 simultaneous with its filing of the Complaint and Motion. After receiving Defendant's proposed order, this court allowed Plaintiff to submit this response.

**DISCUSSION**

Through counsel, Marathon submitted a wholly inadequate proposed order that fails to provide for the relief that this Court indicated would be granted. The proposed

order does not adequately address the statutory injunctive relief that this Court has determined Plaintiff is entitled to as a consequence of Marathon's failure to cure its ongoing violations of the capital impairment sections of the Regulations governing SBICs found at 13 C.F.R. §107.1830 (2005)("the Regulations"). Nor does the proposed order discuss how SBA, Marathon's largest creditor, is to be paid or made whole by Marathon.

Moreover, Marathon's proposed order is flawed in that it enjoins Marathon from violating the Regulations yet keeps its current management in place. By doing so, Marathon renders this Court's injunctive remedy ineffective as Marathon continues to operate in the same manner as it did prior to the initiation of this action while admittedly remaining in violation of the Regulations without any expectation of a cure.

The proposed order also fails to indicate why the relief sought by Plaintiff in its proposed Order should not be granted and/or why SBA is not a proper party to be Marathon's receiver as contemplated by the Act. 15 U.S.C. §687c (c) provides that upon request by SBA, this Court may appoint SBA to act as Receiver unless the Court "deems the appointment inequitable or other wise inappropriate . . . ." Marathon has made no a showing of either exception. Consequently, Plaintiff's respectfully request that this Court grant Plaintiff's proposed order.

## ARGUMENT

The proposed order submitted by Plaintiff should be entered by this Court in its entirety.  The proposed order submitted by Defendant is wholly inadequate and does not address the remedies to which Plaintiff is entitled nor does it seek or propose to cure the

violations to which Defendant has admitted. In contrast, each and every provision of the Plaintiff's proposed order is more than adequately supported by law as discussed below.

Paragraph One

Paragraph One is simply a restatement of the provisions of 15 U.S.C. 687c (b) of the Small Business Investment Act of 1958, as amended, ("the Act') which permit this Court to appoint a receiver and which provides that Congress grants this Court exclusive jurisdiction over all of Marathon's assets, wherever those assets are located if a receiver is appointed. Paragraph One also incorporates 15 U.S.C. 687(a) which provides that injunctive relief shall be granted upon the showing by SBA of a violation of the Act and/or the Regulations without bond and incorporates federal receivership law in providing for a mechanism for satisfying creditor's claims. <u>Guaranty Trust Co. v. Williamsport Wire Rope Co.</u>, 19 F. Supp. 482, 483-484 (M.D. Penn. 1937) (establishing a claims bar date and affirming jurisdiction of receivership court to determine all claims); <u>Clark: Law of Receivers</u>, §§ 650, 651 (3rd Ed.)

Paragraph Two

Paragraph Two sets forth the powers and authority of the Receiver as provided for in Federal Rules of Civil Rules Civil Procedure 66 and 28 U.S.C. §754 and the respective governing documents of the entity in receivership. In order to carry out its fiduciary duties to this Court and Marathon's creditors and equity-holders, all other persons having authority over Marathon are dismissed from their duties unless specifically approved in writing by the Receiver. Furthermore, in order to properly marshal the assets of the receivership estate, the Receiver is authorized to preserve and pursue all of Marathon's claims in accordance with the authority and powers normally vested in a court-appointed

receiver. See United States of America v. Acorn Technologies, 295 F.Supp.2d 494, 512 (E.D.Pa. 2004).

<u>Paragraph Three</u>

Paragraph Three relates to the Receiver's authority to conduct business for and on behalf of Marathon.  In order to satisfy its fiduciary duties, the Receiver must be in possession of the official books and records of Marathon, which as an SBIC is a federal financial institution, albeit a non-depository one.  This turnover and control of the records ensures the Receiver has the company's accounting and tax records that the Receiver can build on for future filings, as well as the payment history and loan and collateral documents of Marathon's current small business concerns.  This section is also derived from this Court's grant of exclusive jurisdiction over all of Marathon's property and assets. 15 U.S.C. §687c (b).

<u>Paragraph Four</u>

Paragraph Four provides that the Receiver shall give notice of its appointment to all known persons who do business or have business with Marathon.  This paragraph is an administrative necessity and acts in furtherance of the Receiver's fiduciary duties to marshal Marathon's assets in that it directs all entities owing obligations or debts to Marathon to pay the Receiver. This paragraph also decrees that the Receiver must provide persons dealing with Marathon the Receiver's contact information.

<u>Paragraph Five</u>

Paragraph Five is also an administrative provision. It provides that the Receiver may hire personnel, under this Court's authority with the same judicial immunity as the Receiver provided they act within the scope of the Receivership Order, and that the

4

Receiver may open bank accounts to protect and manage Marathon's assets. This paragraph goes on to allow the Receiver to dispose of any property, claim or asset without Court approval with the exception of real property, which is subject to the provisions of 28 U.S.C. §2001. The disposition of asset provision is included in part to minimize the cost and time to the receivership estate of disposing of assets by not having to ask for Court approval for each individual disposition. Dispositions of all assets are reported to the Court in the Receiver's Report which is typically filed annually unless the Court orders otherwise.

### Paragraph Six

Paragraph Six provides that all parties associated with Marathon shall answer under oath all questions that Receiver may have regarding Marathon, its operations and portfolio of companies in order to assist the Receiver in carrying out its duties of marshaling assets and pursuing claims. This paragraph further decrees that third parties may be subpoenaed or deposed pursuant to the Federal Rules of Civil Procedure.

### Paragraphs Seven and Eight

Paragraphs Seven and Eight provide that any parties to any civil legal proceedings are enjoined and/or judicially stayed from taking any action with respect to Marathon or its assets. These two paragraphs are derived not from federal receivership law or 28 U.S.C. §754 but from the Small Business Investment Act at 15 U.S.C. §687c which grants this Court exclusive jurisdiction over Marathon. This exclusive grant of jurisdiction allows this court to stay state court proceedings. See Federal Anti-Injunction Act, 28 U.S.C. §2283; James v. Bellotti, 733 F.2d 989,993 (1st Cir. 1984). The exclusive grant of jurisdiction is also the basis for the enjoinment of any proceedings involving

5

Marathon, including actions brought in other federal courts, as these courts have no subject matter jurisdiction over Marathon unless this Court affirmatively abstains from the matter and allows that court to hear the particular case in question.

### Paragraph Nine

Paragraph Nine enjoins any party dealing with Marathon from dissipating the assets of Marathon to the detriment of the Receiver and enjoins any party from taking further actions that would violate the Act, the Regulations.  Marathon's proposed order adopts the substance of this provision in its paragraph one.

### Paragraph Ten

Paragraph Ten provides that the Receiver is authorized to borrow on behalf of Marathon. Typically, SBIC's come in to receivership with little to no cash or liquid assets. Although as of December 31, 2004, SBA was notified that Marathon had over $1million in cash, it is unknown how much of that cash remains. Regardless, this paragraph is typically included for the same reasons as Paragraph Five: to minimize the cost and time to the receivership estate by not having to ask for Court approval for each borrowing, up to a set limit.

### Paragraph Eleven

Paragraph Eleven is the requisite finding of the violation, which in this matter is capital impairment as shown by Plaintiff, that is necessary in order for an injunction to issue. Without this finding, any order or injunction by this Court cannot be supported by the provisions of the Act.  This paragraph also provides that, upon the termination of the Receiver, Marathon's license to operate as an SBIC, granted in the sole discretion of SBA, may be revoked given Marathon's regulatory and statutory violations.

<u>Paragraph Twelve</u>

Paragraph Twelve directs entry of judgment in favor of Marathon's creditor, SBA, as prayed for in the Complaint and Motion for Permanent Injunction and Appointment of Receiver.  The judgment is a direct consequence of Marathon's violation of the capital impairment Regulations and subsequent violation of the default provisions of the Regulations found at 13 C.F.R. §107.1810.

## CONCLUSION

As described above, Plaintiff's proposed order provides the only adequate and the most comprehensive relief as required once a finding of a violation is made by SBA against an SBIC such as Marathon. For the foregoing reasons, Plaintiff respectfully requests that this Court enter Plaintiff's proposed order in its entirety as submitted to this Court on February 9, 2005.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

Dated: May 16, 2005        <u>/s/ Christopher R. Donato</u>
        Christopher R. Donato
        Assistant United States Attorney
        John Joseph Moakley United States Courthouse
        1 Courthouse Way, Suite 9200
        Boston, MA  02210
        (617) 748-3303

                                        U.S. SMALL BUSINESS ADMINISTRATION

Dated: May 16, 2005         /s/ C. Donato for Arlene M. Embrey
                                        Arlene M. Embrey, Trial Attorney
                                        U.S. Small Business Administration
                                        409 Third Street, S.W. Seventh Floor
                                        Washington, D.C. 20416
                                        Telephone:    (202) 205-6976

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 16th day of May, 2005, I caused the foregoing Plaintiff's Response to Defendant's Proposed Order to be sent to the foregoing via first class mail, postage prepaid:

Theodore J. Folkman, Esq.
Charles R. Bennett, Esq.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02108

Dated: May 16, 2005               /s/ Christopher R. Donato
                                        Christopher R. Donato
                                        Assistant United States Attorney