UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>        v.<br><br>MARATHON INVESTMENT<br>PARTNERS, LP<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 05-CV-10255-MEL |

MEMORANDUM AND ORDER

LASKER, D.J.

The Unites States of America, on behalf of its agency, the United States Small Business Administration ("SBA"), moves for permanent injunctive relief against Marathon Investment Partners, LP ("Marathon"), a small business investment company licensee, as a result of Marathon's alleged violations of the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661, *et seq*. ("the Act") and the regulations promulgated thereunder at 13 C.F.R. § 107.1, *et seq*. ("the Regulations"). The SBA further moves to be appointed permanent receiver of Marathon.

The motion is GRANTED.

I.

Pursuant to the Act and the Regulations, the SBA has

1

authority to license non-bank financial institutions, as well as private companies including corporations, as Small Business Investment Companies ("SBIC").  See 15 U.S.C. § 681.  The SBA provides financing for the formation, growth and expansion of small business concerns, and is authorized to invest federal funds in the SBICs.  See 15 U.S.C. § 681(c) and 683(b).

Marathon is a Delaware limited partnership organized in 1998.  On September 30, 1998 the SBA licensed Marathon as a SBIC.  The SBA provided financing to Marathon through the guarantee of a series of subordinate debentures amounting to a total of approximately $14,450,000.  Consistent with the purposes of the Act, Marathon invested in a series of small business companies.

Under the Regulations at 13 C.F.R. § 107.1830(c), a licensee, such as Marathon, is considered to have a condition of "capital impairment" if its capital impairment percentage is greater than 45%.  It is undisputed by the parties that Marathon has been in a state of capital impairment since the year 2000, and that the SBA has been aware of that fact since that time.

II.

The Act provides that in the event the SBA determines that one of its licensed SBICs is in violation of the Act or the Regulations, the SBA may apply to the appropriate Federal District court for an adjudication of such a violation.  15

U.S.C. § 687(d).  Upon a showing of a violation of the Act or its Regulations, the license of the SBIC may then be revoked.  See U.S. v. Norwood Capital Corp., 273 F. Supp. 236, 239 (D.S.C. 1967).  The SBA argues that Marathon has violated, and continues to violate, the Act and the Regulations by virtue of its condition of capital impairment.  The SBA further alleges that Marathon is also in violation of the Regulations at 13 C.F.R. § 107.507(a) as a result of its failure to comply with the terms of its Agreement of Limited Partnership which requires Marathon to operate in conformity with the Regulations.

15 U.S.C. § 687c is the statutory provision dealing with remedies available for violations of the Act.  It provides in pertinent part:

> "(a) Grounds; jurisdiction of court
> Whenever, in the judgment of the [SBA], a licensee ... has engaged ... in any acts or practices which constitute or will constitute a violation of any provision of this chapter, or of any rule or regulation under this chapter, ... the [SBA] may make application to the proper district court of the United States ... for an order enjoining such acts or practices, ..., and such courts shall have jurisdiction of such actions and, upon a showing by the [SBA] that such licensee ... has engaged or is about to engage in any such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond."  15 U.S.C. § 687c(a).

As demonstrated by the record, and as conceded by Marathon, since 2000 to the present Marathon's percentage of

capital impairment has far exceeded its maximum permitted capital impairment percentage as prescribed under 13 C.F.R. §107.1830(c). Therefore, I conclude that the SBA has made the necessary showing that Marathon is in violation of the Act and its Regulations. Accordingly, as specifically mandated under 15 U.S.C. § 687c(a) the SBA is entitled to a permanent injunction.[1]

The question of significance which remains is whether the SBA should be appointed permanent receiver of Marathon. 15 U.S.C. § 687c provides in relevant part:

> "(c) Trusteeship or receivership over licensee
> The [SBA] shall have authority to act as trustee or receiver of the licensee. Upon request by the [SBA], the court may appoint the [SBA] to act in such capacity unless the court deems such appointment inequitable or otherwise inappropriate by reason of the special circumstances involved." 15 U.S.C. § 687c(c).

To address the issue of receivership, the Court instructed the parties to provide written analysis as to how each party would proceed to cure Marathon's capital impairment for the benefit of all interested parties. The SBA relied upon the terms and conditions detailed in its Proposed Order submitted with its original motion. Marathon in turn submitted its version of a Proposed Order which would grant an injunction in favor of the

---

[1] Since the requested equitable relief is expressly prescribed by statute, it is unnecessary for the SBA to show irreparable injury or to meet the usual standards for equitable relief. See U.S. v. Vanguard Investment, Co., Inc., 667 F. Supp. 257, 261 (M.D.N.C. 1987), aff'd 907 F.2d 439 (4th Cir. 1990) (Vanguard I).

SBA but provids for Marathon to remain in control of its operations, manage its portfolio companies and handle the repayment of monies owed to the SBA.  In response, the SBA contends that Marathon's Proposed Order should be rejected because it: (a) fails to address the statutory relief which this Court has determined the SBA is entitled to because of Marathon's violations; (b) fails to address how the SBA, Marathon's largest creditor, is to be paid or made whole by Marathon; (c) keeps Marathon's current management in place and operating in the same manner which are some of the factors that lead to Marathon's violations; and (d) fails to address why appointing the SBA as receiver would be inequitable.

  Upon review of the parties Proposed Orders, I find the SBA's arguments to be sound, and thus, conclude that the SBA should be appointed receiver of Marathon.  While I am aware of the burden that this decision may impose upon Marathon, the record fails to support that the instant case presents special circumstances that would render appointing the SBA as receiver "inequitable or otherwise inappropriate" as contemplated under 15 U.S.C. § 687c(c).

Accordingly, plaintiff's motion for injunctive relief and appointment of receiver is GRANTED.

It is so ordered.

Dated:  May 23, 2005
        Boston, Massachusetts          <u>  Morris E. Lasker  </u>
                                             U.S.D.J.