IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | Civ. Action No. 05-10255 (MEL) |
| ) | |
| **MARATHON INVESTMENT PARTNERS, LP** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION
FOR AN ORDER APPROVING THE FORM AND MANNER OF NOTICE
TO CLAIMANTS AND ESTABLISHING A CLAIMS BAR DATE**

In support of the Motion of the U.S. Small Business Administration, as Receiver for Marathon Investment Partners, LP for an Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date, the Receiver states as follows:

By Order dated May 23, 2005, this Court appointed the U.S. Small Business Administration as Receiver (the "Receiver") for Marathon Investment Partners, LP ("Marathon").  Pursuant to the specific power vested in this Court by 15 U.S.C. § 687c, Rule 66 of the Federal Rules of Civil Procedure, and its general equity powers, this Court is authorized to prescribe the form and manner of notice to claimants and to establish a claims bar date in order to begin the process of winding up this receivership.  The procedures are those derived from receivership practice under common law, see 3 Clark, Law of Receivers 652 (1959 & Supp. 1968-69), and are recognized as applicable in federal courts pursuant to Rule 66 of the Federal Rules of Civil Procedure.

After reviewing Marathon's files and records over the course of the receivership, the Receiver is confident that it has identified potential claimants who may have claims

against Marathon. It is to those persons or entities that Notice, substantially in the form of Exhibit "A" to the attached proposed Order, will be mailed. As an additional safeguard, and in an effort to provide notice to potential claimants now unknown to the Receiver, the Receiver also proposes publishing notice, in the form of Exhibit "A" to the proposed Order. The Receiver proposes to publish this notice once each week for two calendar weeks in *The Boston Globe* and the *Portland Herald Press*, both newspapers of general circulation serving the Boston, Massachusetts and the Portland, Maine metropolitan areas, respectively. The Receiver believes that these publications are most likely to reach and to be read by persons or entities who might assert claims against Marathon or the receivership estate[1].

If the Court approves these procedures and enters the proposed order, the proposed "claims bar date" will afford all potential claimants at least thirty (30) days from the time notice is given during which to submit their claims to the Receiver. Because this receivership has been pending approximately seven (7) months, knowledge of the receivership is widespread among those persons or entities which had in the past, or continue to have at present, a business relationship with Marathon. Thus, knowledge of the receivership should come as no surprise to any potential claimant who has exercised reasonable diligence in pursuing its claims. Moreover, the publication of notice procedure recommended here is intended to provide any claimant unknown to the Receiver who has not yet come forward with one last opportunity to submit a claim.

---

[1] Massachusetts is the state in which Marathon has had its most significant contacts. Although Marathon is organized in the State of Delaware, its principal place of business at the time this Receivership was instituted and at all times prior thereto was in the Boston, Massachusetts area. Marathon also extended its investments and loans from its office located near Boston, Massachusetts. The loans were made to small businesses located in both Massachusetts and Portland, Maine; therefore, publication in a newspaper of general circulation in both the Boston and Portland areas is warranted.

The Receiver proposes to inform the Court of any and all claims it has received through the claims bar date procedure. The Receiver also proposes to review all the claims received, negotiate with the claimants and attempt to settle all claims subject to the Court's approval.  In the event that a claimant and the Receiver are unable to resolve a dispute over a claim, the Receiver proposes to move this Court for summary disposition of the dispute.  Such procedures will afford claimants with a fair process for resolving their dispute of the Receiver's recommendation of their claim, while enabling the Receiver to begin the process of winding up this receivership proceeding.

The imposition of a "claims bar date" is necessary so that the Receiver can recommend, subject to the Court's approval, a plan to distribute Marathon's assets to all creditors who have rendered timely claims without fear that other claimants might later appear to assert claims against Marathon or the receivership estate.  The claims bar date process is also necessary as an integral step, not only for the marshaling of assets, but for the eventual termination of the receivership. Therefore, the Receiver is asking this Court to impose a permanent injunction as part of this "claims bar date" mechanism to prevent persons or entities from asserting such tardy claims[2].  This process has been approved by this Court in at least two cases where SBA has been appointed Receiver of an SBIC.  See United States v. The Megunticook Fund, LP,  Case No. 05-11677, Woodlock, J.(Docket No. 6) and United States v. Argonauts Mesbic Corp., Case No. 00-10652, Stearns, J. (Docket No. 18).

In substance, the Receiver asks the Court to approve the following means of

---

[2] While the imposition of a claims bar date seeks to forever bar untimely claims, the District Court, as the receivership court, always retains the discretion to both allow late claims to be filed against a receivership estate and to rule on a receiver's  recommendations of the late claim. See Chicago Title & Trust v. Fox Theatres Corp, 91 F.2d 907, 911 (2nd Cir. 1937).

giving notice to potential creditors of, or claimants against, Marathon:

    (1)    Following the entry of an Order in connection with this Motion, the Receiver will send notice, in the form of Exhibit "A" to the attached proposed Order, via first-class mail, postage prepaid, to each of the persons or entities, other than the U.S. Small Business Administration and parties contracted by the U.S. Small Business Administration as Receiver, believed by the Receiver, its counsel and agents, to be creditors, agents, former directors or officers, employees, partners, participant investors or lenders with Marathon, portfolio concerns or limited partners of Marathon, and to any other persons or entities who have, during the term of the receivership, asserted a claim of whatever kind or nature against the receivership, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver;

and

    (2)    Notice, substantially in the form of Exhibit "A" to the attached proposed Order, will be published once each calendar week for two weeks in *The Boston Globe* and the *Portland Herald Press*, both newspapers of general circulation.

In addition, the Receiver asks the Court to (1) set the "claims bar date" as thirty (30) days from the last date of notice by publication, and (2) enjoin all persons or entities, other than the U.S. Small Business Administration and parties contracted or retained by the U.S. Small Business Administration as Receiver, from asserting, pursuing or

4

prosecuting any claims not submitted to the Receiver in the required form on or before that date.  Thus, as described above, the Receiver asks that any claims not submitted to the Receiver's agent in writing on or before the "claims bar date," be thereafter permanently barred and discharged.  As agent for receipt of any written claims, the Receiver requests that the Court direct persons or entities to file such claims with the receiver, c/o Hollis-Meddings attn: William Ash, Principal Agent for SBA, Receiver for Marathon Investment Partners, LP., 666 11th Street, N.W., Suite 200, Washington, D.C. 20001, Telephone (401) 965-8850.

For the reasons set forth above, the Receiver asks that its Motion be granted and that the attached proposed order setting procedures for notifying claimants against the receivership estate and setting the "claims bar date" be entered.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　U. S. Small Business Administration as
　　　　　　　　　　　　　　　　　　　Receiver for Marathon Investment Partners


Dated: December 30, 2005　　　　By: /s /Arlene Embrey_____
　　　　　　　　　　　　　　　　　　　ARLENE M. EMBREY
　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　U.S. Small Business Administration
　　　　　　　　　　　　　　　　　　　409 Third Street, S.W., 7th Floor
　　　　　　　　　　　　　　　　　　　Washington, DC  20416
　　　　　　　　　　　　　　　　　　　Telephone: (202) 205-6976
　　　　　　　　　　　　　　　　　　　Facsimile: (202) 481-0324
　　　　　　　　　　　　　　　　　　　Email:arlene.embrey@sba.gov

**NOTICE TO ALL CREDITORS OR CLAIMANTS OF
MARATHON INVESTMENT PARTNERS, LP**

By Order of the United States District Court for the District of Massachusetts dated _____, persons or entities who wish to assert a claim against MARATHON INVESTMENT PARTNERS, LP ("Marathon") must do so by filing a <u>written</u> claim with the Receiver on or before ==[date thirty (30) days after last date of notice by publication]==. <u>All previously submitted claims against Marathon or its Receiver must be resubmitted in accordance with this Notice.</u>

Marathon, a Delaware limited partnership whose principal place of business was formerly near Boston, Massachusetts, is a Small Business Investment Company ("SBIC") licensed by the U.S. Small Business Administration ("SBA"). Marathon has been in receivership since May 23, 2005 by Order of the United States District Court for the District of Massachusetts, Lasker, J., in Civil Action No. 05-cv-10255 captioned <u>United States  v. Marathon Investment Partners, LP</u> .

Any person or entity asserting a claim against Marathon or its assets or funds in the hands of the Receiver, must do so <u>in writing</u>, and forward such claim to:

> SBA, Receiver for Marathon Investment Partners, LP
> c/o Hollis Meddings Group, Principal Agent
> attn: William Ash
> 666 11th Street, N.W., Suite 200
> Washington, D.C. 20001-4542

Claims must be received no later than 5:00 p.m. E.S.T., ==[date thirty (30) days after last date of notice by publication]==.

Your claim must state: (1) the full name, address and telephone number of the claimant; (2) the amount of the claim; (3) the specific grounds for each claim; (4) the date on which the obligation was allegedly incurred by Marathon or the Receiver; and (5) must attach all other documents or materials which support the claim, or which the Receiver might require in evaluating the claim. If you fail to provide any of the specified information, your claim will be deemed incomplete and untimely.

Failure to present a complete and timely claim to the Receiver on or before ==(Date)== will result in your claim being forever barred, and you will not thereafter be able to make a claim against Marathon, or any other assets or funds in the possession of the Receiver.

> U.S. SMALL BUSINESS ADMINISTRATION
> as Receiver for Marathon  Investment Partners, LP

**EXHIBIT A**