IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 05-10255 (MEL) |
| MARATHON INVESTMENT PARTNERS, LP | ) |
| Defendant. | ) |

**RECEIVER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR ENTRY OF AN ORDER APPROVING THE RECEIVER'S NOTICE AND DETERMINATION OF CLAIMS, AUTHORIZING PAYMENT OF APPROVED CLAIMS AND ESTABLISHING SUMMARY DISPOSITION PROCEDURES**

In support of its motion fore entry of an order approving the Receiver's Notice and Determination of Claims, Authorizing Payment of Approved Claims and Establishing Summary Disposition Procedures, the United States Small Business Administration ("SBA" or "Receiver") as Receiver for Marathon Investment Partners, LP states as follows:

The Order granting injunctive relief and appointing the Receiver ("the Receivership Order") was entered by this Court on May 23, 2005. Pursuant to the Receivership Order, this Court took exclusive jurisdiction of Marathon and all of its assets, and appointed the SBA as Receiver for Marathon "… for the purpose of administering and liquidating all of Marathon's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court." Receivership Order, ¶ 1. The Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date (the "Bar Date Order") was entered by this Court on

January 25, 2006. The Receiver has completed the tasks set out in the Bar Date Order and now moves this Court for entry of an order approving the Receiver's recommendation of the disposition of the claims so received and establishing procedures by which claimants who contest the disposition of their claims may inform this Court of their opposition to the Receiver's recommendations.

The authority of this Court to set those procedures is well established. Guaranty Trust Co. v. Williamsport Wire Rope Co., 19 F. Supp. 482, 483-484 (M.D. Penn. 1937) (establishing a claims bar date and affirming jurisdiction of receivership court to determine all claims); Clark: Law of Receivers, § 651 (3rd Ed.). When the court orders claims presented to the receiver, the receiver must accept or reject the claims and passes on the validity and fairness of the claims and also to their legality. When the Court reviews the Receiver's recommendations and approves or disapproves the findings, the Court's action is equivalent to a final order. Clark: Law of Receivers, § 650.

In accordance with the relevant provisions of the Receivership Order and requirements of the Bar Date Order, discussed above, the Receiver states as follows:

1. Pursuant to the Bar Date Order entered by this Court on January 25, 2006, the Receiver solicited claims against Marathon, the receivership estate, and assets or funds in the possession of the Receiver.

2. The Bar Date Order required all claims to be submitted to Hollis-Meddings Group, Principal Agent for the Receiver, by the claims bar date of March 31, 2006.

3. As noted in the Receiver's Notice of Recommended Disposition of Claims, filed herewith as Exhibit 1, notice of the claims bar date was sent via U.S. mail,

postage prepaid to all persons or entities, other than the SBA, which the Receiver had reason to believe were creditors, agents, former directors or officers, shareholders, employees, partners, participant investors or lenders with Marathon, portfolio concerns of Marathon, and to any other persons or entities who had, during the term of the receivership asserted a claim against Marathon, the receivership estate, or assets or funds in the possession of the Receiver.

4.      As noted in the Receiver's Notice of Recommended Disposition of Claims, filed herewith and pursuant to the Bar Date Order, Notice was published once each week for two weeks in *The Boston Globe* and the *Portland Herald Press* on February 17, 2006 and February 24, 2006.

5.      As noted in the Receiver's Notice of Recommended Disposition of Claims filed herewith, three (3) claims were timely received by the Receiver in response to these mailed and published notices. The Receiver's recommendations for the disposition of the claims, and its reasons in support of its recommendation, are set forth in the Notice of Recommended Disposition of Claims. In sum, once claim was withdrawn, one claim is being denied as an improperly filed claim for an equity interest in Marathon, and one claim is being denied outright.

6.      As noted in the Receiver's Notice of Recommended Disposition of Claims, this Court entered a Consent Judgment dated May 26, 2005 in favor of the SBA and against Marathon in the amount of $15,354,725.58, plus post-judgment interest. No payments have yet been made on the SBA Judgment and the Receiver is requesting that partial payments be made on that judgment as receivership estate funds become available.

7.      As more fully explained in the attached Notice of Recommended

Disposition of Claims, the Receiver is recommending:

    a. payment of administrative expenses of the receivership estate and payment of any Receiver's Certificates of Indebtedness, if any;

    b. the partial payment of the SBA judgment to the extent funds are available after payment of administrative expenses of the receivership;

    c. the denial of two (2) claims that were timely filed, but were not factually or legally supported[1]; and

    d. the approval of general partner's and limited partners' claims as permitted by the Agreement of Limited Partnership, provided that all administrative expenses of the receivership estate and all court-approved creditor claims, including the SBA judgment, have been fully paid.

WHEREFORE, the Receiver moves this Court to enter the proposed Order filed herewith approving the Receiver's recommendations, authorizing payment of approved creditors and establishing a summary disposition procedure.

        Respectfully submitted,

        U.S. Small Business Administration as
        Receiver for Marathon Investment
        Partners, LP

Dated: 7/12/06        By:    /s/ Arlene M. Embrey
EMBREY                                        ARLENE M.

        Trial Attorney, SBIC Litigation/Liquidation
        Office of General Counsel
        U.S. Small Business Administration
        409 Third Street, S.W., 7th Floor
        Washington, D.C. 20416
        Telephone:  (202) 205-6976
        Facsimile:   (202) 481-0324

---

[1] One claim, timely received, was withdrawn prior to the submission of this report.

4

5

Email: arlene.embrey@sba.gov