# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. Action No. 05-10255 (MEL)<br>) |
| MARATHON INVESTMENT PARTNERS, LP | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

This matter came before the Court on the Motion for Entry of an Order Approving the Receiver's Notice and Determination of Claims, Authorizing Payment of Approved Claims and Establishing Summary Disposition Procedures filed by the U. S. Small Business Administration ("SBA") as Receiver ("Receiver") for Marathon Investment Partners, LP ("Marathon"). After reviewing the pleadings,

**IT IS HEREBY ORDERED THAT:**

1. The Receiver's Motion for Entry of an Order Approving the Receiver's Notice and Determination of Claims, Authorizing Payment of Approved Claims and Establishing Summary Disposition Procedure is **GRANTED**; and

2. The Receiver's Notice and Determination of Claims Received in Response to the Claims Bar Date, and the Receiver's recommendations therein are **APPROVED**; and

3. The Receiver is authorized to pay the following claims in the following order of priority, to the extent of available receivership assets, and the following claims are hereby **APPROVED**:

    a) First, any and all administrative expenses of the receivership estate as

reported in the Receiver's Reports to this Court;

    b)    Second, any future outstanding Receiver's Certificates, should the Receiver make such borrowings from the SBA in the future, plus accrued interest;

    c)    Third, to the Judgment entered by this Court in favor of the U.S. Small Business Administration ("SBA") on May 23, 2005 in the total amount of $15,354,725.58, plus post-judgment interest. The Receiver is hereby authorized to make partial payments from receivership funds to the SBA in partial satisfaction of the Judgment in such amounts as the Receiver deems appropriate, without further prior order of this Court; and

4.    After the SBA Judgment is paid in full, any surplus shall be distributed to the equity shareholders of Marathon on a *pro rata* basis; and

5.    The following claims are hereby **DENIED**:

    a)    The claim of Mr. Nelson Shaller in the amount of $863,334.38;

    b)    The claim of Spencer Technologies, Inc. in an unspecified amount.

6.    Any claimant who opposes the Receiver's recommended disposition of its claim, which recommended disposition is hereby approved and ratified by this Court, is hereby ordered either to file a Motion objecting to the Receiver's recommended disposition of its claim, together with a Memorandum in support of its Motion setting forth the specific factual and legal grounds on which it objects to the Receiver's recommended disposition, and a proposed Order, within 30 days from the date of service of a copy of this Order by the Receiver on the claimant, or such claimant's claim shall be forever barred and deemed to be null and void, and such claimant shall be permanently enjoined from asserting, pursuing or prosecuting any such claim against Marathon, its

Receiver, their successors or assigns, or against assets or funds in the possession of the Receiver. The claimant is further ordered to serve copies of its Motion, Memorandum and all exhibits thereto, and proposed Order on the attorney for the Receiver via first class mail, postage prepaid; and

7. The Receiver is hereby authorized to file an Opposition to any such Motion, and Memorandum in Support of its Opposition, together with a proposed Order, within 30 days after receipt of claimant's Motion, Memorandum, and proposed Order; and

8. This Court will resolve any Claimant's objection on the basis of the claim documents previously submitted to the Receiver, the Notice and Determination of Claims filed herein by the Receiver, the claimant's Motion in objection, and the Receiver's opposition thereto, without hearing, unless this Court, *sua sponte*, orders otherwise; and

9. The Receiver is ordered to serve a copy of this Order on each Claimant at its last known address, via first class mail, postage prepaid, and to file a Certificate of Service with the Clerk of this Court; and

10. This Order shall become a Final Order thirty (30) days after service hereof by the Receiver with respect all claimants, as well as all other persons who failed to file claims pursuant to the terms of the Court's Order establishing the Claims Bar Date, except for any claimant which files a Motion objecting to the Receiver's recommended disposition of its claim, together with a Memorandum in support of its Motion as set forth in paragraph 6, above, and all such persons shall be forever barred and shall be permanently enjoined from asserting, pursuing or prosecuting any pre-Bar Date Claim

against Marathon, the Receiver, their successors or assigns, or against assets or funds in

the possession of the Receiver.

SO ORDERED this 22 day of August 2006, in Boston, Massachusetts.

_____
THE HONORABLE MORRIS LASKER
UNITED STATES DISTRICT COURT JUDGE