IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|   ) | |
|   Plaintiff, ) | |
|   ) | |
|   v. ) | Civ. Action No. 05-10255 (MEL) |
|   ) | |
| MARATHON INVESTMENT PARTNERS, LP ) | |
|   ) | |
|   Defendant. ) | |

**RECEIVER'S MOTION FOR ENTRY OF AN ORDER
APPROVING AND CONFIRMING THE FIRST RECEIVER'S REPORT FOR
THE PERIOD MAY 26, 2005 THROUGH JULY 31, 2006**

COMES NOW the United States Small Business Administration ("SBA"), court appointed receiver ("Receiver") for Marathon Investment Partners, LP ("Marathon") by Order of this Court dated May 26, 2005, and hereby moves this Court for entry of an Order Approving and Confirming its First Receiver's Report, filed simultaneously herewith, for the period beginning May 26, 2005 and ending July 31, 2006.

Respectfully submitted,

U.S. Small Business Administration as
Receiver for Marathon Investment
Partners, LP

Dated: 9/7/06            by:    /s/ Arlene M. Embrey
ARLENE M. EMBREY
Trial Attorney, SBIC Litigation/Liquidation
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W., 7th Floor
Washington, D.C. 20416
Telephone:  (202) 205-6976
Facsimile:   (202) 481-0324
Email:  arlene.embrey@sba.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 05-10255 (MEL) |
| MARATHON INVESTMENT PARTNERS, LP | ) |
| Defendant. | ) |

### ORDER

THIS CAUSE COMING on the Motion for an Entry of an Order Approving and Confirming the First Receiver's Report for the Period May 26, 2005 through July 31, 2006 filed by the United States Small Business Administration, the court-appointed receiver ("the Receiver") for Marathon Investment Partners, LP in this action, and this Court having considered the Motion and the First Receiver's Report, and the exhibits thereto, and being duly advised as to the merits:

**IT IS HEREBY ORDERED THAT**

    1.    The Receiver's Motion is granted in its entirety; and

    2.    The First Receiver's Report for the period through and every act, transaction and receipt and disbursement reported therein, are hereby approved and confirmed;

    3.    This Court authorizes the Receiver to abandon further collection efforts with respect to New Weathervane Retail Corp. on the basis that the Receiver has received

2

its final distribution from the New Weathervane bankruptcy estate.

**SO ORDERED this _____ day of _____, 2006.**

_____
THE HONORABLE MORRIS LASKER
UNITED STATES DISTRICT COURT SENIOR JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACTION 05-10255 |
| ) | |
| MARATHON INVESTMENT PARTNERS, LP ) | Judge Lasker |
| ) | |
| Defendant. ) | |

**FIRST RECEIVER'S REPORT FOR THE PERIOD OF**
**MAY 23, 2005 THROUGH JULY 31, 2006**

**I. INTRODUCTION**

This First Receiver's Report ("First Report") is being filed with the Court by the U.S. Small Business Administration ("SBA"), which was appointed Receiver ("Receiver") for the Marathon Investment Partners Limited Partnership ("Marathon") pursuant to the Order of this Court entered May 26, 2005 (the "Receivership Order"). This narrative report summarizes the activities of the receivership and its current cash position. Significant events which occurred subsequent to the period covered by this Report but before the submission of this Report to the Court are also reported.

**II. RECEIVERSHIP BACKGROUND AND SBA JUDGMENT**

Marathon is a limited partnership organized under the laws of the state of Delaware. The partnership began operations on June 1, 1998 and, in September, 1998, was licensed by the United States Small Business Administration to operate as a small business investment company under Section 301(c) of the Small Business Investment Company Act of 1958, as amended (the "Act").

The United States, on behalf of SBA, filed a complaint against Marathon based on Marathon's failure to comply with SBA's regulations, including its default in the payment of its indebtedness to the SBA. This Court approved and entered the Memorandum and Order (herein after referred to as the "Receivership Order') on May 26, 2005. The judgment in favor of the SBA against Marathon is in the total amount of $15,354,725.58 which includes principal of $14,450,000.00 and accrued interest and fees in the amount of $904,725.58 with a per diem rate of $3,280.72 as of December 10, 2004 to May 23, 2005 plus post judgment interest pursuant to 28 U.S.C. § 1961 as of May 23, 2005. There have been no payments made on the judgment to date.

### III. OPERATION OF THE RECEIVERSHIP

A.    General Operations

The overall function of the Receiver is to identify, marshal, and liquidate the assets of Marathon, wherever located. In furtherance of this objective, the Receiver's agents first obtained information with respect to the business of Marathon and other information relevant to the operations and administration of the receivership, including it investment funds, by meeting and or conferring with Marathon's former manager, its former attorneys, former independent accountants, limited partners and other knowledgeable persons. In addition, the Receiver's agents have analyzed the records maintained by the SBA and the records maintained by Marathon. The Receiver's independent accountants have also reconstructed the accounting records in each of Marathon's portfolio files as required.

Specific action taken by the Receiver to identify, marshal, administer, and liquidate the assets of Marathon are discussed in detail below. Upon completion of the

liquidation of Marathon, the proceeds of the liquidation will be used to satisfy the claims of creditors, including the SBA, in order of priority determined by this Court. Any excess proceeds will be distributed to the equity partners of Marathon as ordered by this Court.

B.     Notice of Receivership

In accordance with Paragraph 4 of the Receivership Order, the Receiver gave written notice of its appointment to relevant individuals and entities. In addition, the Receiver has notified all United States District Courts, in accordance with 28 U.S.C. §754.

C.     Personnel and Office

Pursuant to Paragraph 5 of the Receivership Order, the Receiver has retained various professionals to assist in operating the Receivership. The Hollis Meddings Group has been retained as Principal Agent and the Riggs Group, PC CPAs has been retained as independent accountants to assist with accounting and bookkeeping of Marathon and to prepare its tax returns.

The Receiver maintains all of Marathon's corporate, financial, and accounting records and conducts all receivership operations at it receivership office located at 666 Eleventh Street, N.W., Suite 200, Washington, DC 20001. The Receiver shares office space and the costs administrative services and overhead expenses with numerous other receiverships.

D.     Miscellaneous Operational Matters

1.     Bank Accounts

In further accordance with the authority granted in Paragraph 5 of the Receivership Order, the Receiver closed Marathon's bank accounts and opened a

collateralized, interest bearing account at BB&T Bank in the name of SBA as Receiver for Marathon Investment Partners, LP.

2.     Tax Returns

Marathon was current in its tax return filings at the inception of the Receivership, specifically through it 2004 tax returns, Fiscal Year End ("FYE") 12/31/2004. The Receiver required extensive information to be gathered by the Principal Agent regarding defunct portfolio companies, former vendors; including attorneys and accountants as well as detail pertaining to changes in investment structure in portfolio company investments as late as 12/6/2005, prior to completing the 2005 tax returns. The Riggs Group, PC CPAs filed an extension and is in the process of finalizing the tax returns.

3.     Corporate Compliance

The Receiver notified all taxing authorities that Marathon had been placed in federal receivership, and that this Court has jurisdiction over all matters involving the Marathon receivership estate. The Receiver also notified the Delaware Secretary of State and had the registered agent for service of process changed to CT Corporation.

## IV.     ANALYSIS OF ASSETS

Marathon's assets at the date of entry of the Receivership Order consisted entirely of cash, loans and equity investments in small business concerns ("SBC") as described below.

A.     Cash

All cash is deposited into a fully collateralized, interest bearing bank account in the name of SBA as Receiver for Marathon Investment Partners, LP. The Receivership began operations on May 26, 2005 with a cash balance of $1,369,958.98. As shown in

Exhibit A to this report, on July 31, 2006, the Receiver's bank balance was $4,935,951.39. During the period of this First receiver's Report, receipts from receivership operations totaled $3,866,109.59, while receivership expenditures totaled $300,131.76. A detailed summary of cash receipts and disbursements is provided in Exhibit A to this report.

B.  Investments

1.  **Spencer Technologies, Inc.** – Spencer Technologies, Inc (Spencer) is located in Worcester, MA and is principally engaged in the design, configuration and installation of telecommunication and data networking equipment inside buildings for point of sale systems, PC user stations and Local Area Networks (LANs). Marathon invested a total of $2,650,000 in Spencer as follows:

- Date of Original Investment – 10/25/1999
- $2,150,000, 14% promissory note that matured 1/1/06
- $1,218 for 1,218 shares of common stock
- $498,782 for 500 shares of series A preferred stock

Spencer has struggled with both revenue generation and expense control issues and has reported substantial losses since the Marathon loan was made. The company has been in violation of loan covenants dating prior to the Receivership Order. On October 17, 2005, Spencer entered into a Letter of Intent (LOI) with a third party in an effort to sell the company. The proposal called for the Receiver to deeply discount the Marathon note and transfer all common and preferred stock to the party. The remaining shareholders of Spencer were to sell their stock to the party and reinvest a marginal portion of the proceeds into the acquiring company. Discussions stalled when Spencer

learned that the party did not have the funding for the acquisition and the Spencer Board of Directors voted to terminate the LOI.

Spencer subsequently entered into another purchase proposal agreement with a second party in late March 2006. The agreement called for Marathon's $2,150,000 loan principal and accrued interest in excess of $500,000, to be paid in full with Marathon retaining 12% on the common stock of Spencer. Negotiations failed when Spencer executive management / shareholders determined they would not receive an adequate return on their investment. In late July 2006, management requested that the senior lender and Marathon extend their respective maturity dates to June 1, 2007 and for Marathon to agree to a financial structure whereby an investment banker could then market the company.

2. **American Pipe and Plastics Inc.** - American Pipe & Plastics is located in Kirkwood, NY and is principally engaged in the extrusion of PVC conduit and sewer liner, as well as the fabrication of related products, for sale to utility companies, communications companies, construction contractors, municipalities and licensees throughout the United States.

Marathon has invested a total of $1,807,975 in American Pipe & Plastics, and has the following corporate equities:

- Date of Original Investment – May 30, 2001
- Series A Preferred Stock – 18,072.0368 shares
- Series A Non-Voting Common Stock – 4,560.7369 shares
- Series B Voting Common Stock – 7.7142 shares
- Series B Common Stock Warrants – 787.2928 units

Marathon Investment Partners wrote down the investment in American Pipe & Plastics as a complete loss in 2005, prior to the SBA being appointed as receiver. After the SBA was appointed receiver, the company had performed a minor turnaround effort that stabilized the company, but still had issues with the refinancing of the company. Repayment was unclear, and an offer to purchase all equities and debt at $0.37 on the dollar was offered. Instead, Marathon opted to restructure its debt into preferred stock with an 8% dividend yield, and payment of back interest on the debt totaling approximately $502,000.

The financial state of American Pipe & Plastics has greatly improved from over a year ago due to (1) a refinancing effort beginning in November 2005 with Marathon Investment Partners converting $1.5 million in subordinated debt to Series A Preferred Stock. Another $1.5 million in subordinated debt was redeemed in early 2006; and (2) improved revenues and cash flow. After the refinancing, hurricanes Katrina and Rita hit the Gulf Coast, disrupting competitors in that region. As a result, American Pipe & Plastic was in a position to generate increased revenue, profits and cash flow for the months following the natural disaster. In fact, year to date, the company has doubled year over year revenue that has resulted in 5 times increase in cash flow.

Based on these circumstances, it is the Receiver's opinion that the $1.8 million in Series A Preferred Stock is recoverable along with the 8% dividend. The Company recently announced that the company has hired a broker to market the company. The timing of this transaction is estimated to be in the fourth quarter of 2007, at which time Marathon anticipates an exit.

3. **Stonewall Kitchen, Inc.** – Stonewall Kitchen, Inc, located in York, Maine, manufactures and retails upscale food and cooking accessories. Marathon invested $1,500,000 in Stonewall Kitchen as follows:

- Date of Original Investment – June 30, 2000
- $1,500,000 12 % promissory note, paid off May 2005
- Warrants to purchase 7% of outstanding shares of common stock

Management is currently preparing an offer to repurchase the warrants. Stonewall previously offered $250,000 (spring of 2005) and $500,000 (fall of 2005). The Receiver has rejected both offers, believing a higher offer is warranted. The Receiver and management are presently in negotiations and the Receiver will inform this Court of any progress in its next Receiver's Report.

4. **Maine Trailer, Inc.** – Maine Trailer's original business model was an over-the-road trailer leasing company located in Bangor, Maine. With a new management model, the company has developed a solid customer list that includes major retailers and state and federal government agencies. Marathon invested $1,500,000 in Maine Trailer as follows:

- Date of Original Investment – 2/23/2001,
- $1,000,000 12% promissory note, Matured 2/2006, extended to 2/2007
- $500,000 for 1,944.5 shares of 10% Series A Preferred stock
- 2,979 warrants to be exercised
- 2,660 warrants to be exercised

8

Maine Trailer is paying monthly interest as agreed as well as the quarterly dividends on the preferred stock. During the one year extension period, ownership is preparing for the company to be sold at which time Marathon anticipates an exit.

5. **Retail Solutions, Inc.** - Retail Solutions International, Inc (d/b/a Retail Solutions, Inc.), located in Lincoln, Rhode Island, is a leading provider of demand data management tools and services for retailers and consumer goods companies seeking to maximize their profitability and efficiency. Marathon invested $250,000 in Retail Solutions, Inc. as follows:

- Date of Original Investment – 3/8/2001
- $250,000 14% promissory note
- Warrants to purchase 3.12% of outstanding shares of common stock

On October 5, 2005, Retail Solutions, Inc. was sold to VeriSign, Inc. for the aggregate purchase price of $24,500,000. The transaction paid off the Marathon $250,000 promissory note principal plus $19,152.78 in accrued interest, $875.04 in late charges and $2,500 in a prepayment premium. In addition, the redemption of warrants resulted in an additional realization of $372,147.00. Marathon has been paid out in full.

6. **New Weathervane Retail Corporation** – New Weathervane, located in New Britain, Connecticut, is a mall-based retail chain that specialized in the sale of apparel and accessories targeting teenage girls between the ages of thirteen and nineteen. On June 3, 2004, New Weathervane filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (Case No. 04-11649 (PJW) Jointly Administered). With the approval of the court, the debtors sold the business on

August 30, 2004. Pursuant to the sale, the debtors sold their leases for 63 retail store locations and substantially all of their other remaining assets other than inventory. The debtor no longer conducts business and has wound down their estate. On September 2, 2005, the court entered an order dismissing the Chapter 11 case and authorized the payment of certain administrative claims and authorizing counsel for the official committee of unsecured creditors, of which Marathon was a member, to distribute the remaining funds held in a carve-out fund. On 12/27/2005, the Receiver received a check in the amount of $46,379.96 representing the first and final distribution of 2.3% of Marathon's unsecured claim of $2,000,000.

- Date of Original Investment – May 24, 1999
- $2,000,000 13% Promissory note
- $240,000 in 261,600 shares Series A Preferred Stock
- $12,127 in 24,714 shares Common Stock

The above stated debt and equity investment had been written off by Marathon prior to the Receivership. Thus, the Receiver respectfully requests that this court approve the abandonment of further collection effort with respect to New Weathervane Retail Company as no further distributions are expected.

C.   Office Furniture and Equipment

The Receiver's agents inspected Marathon's former offices located in Wakefield, MA. The office furniture and equipment used by Marathon is owned by an unrelated entity that now employs one of the former managers of Marathon.

D.   Unfunded Capital Commitments

On June 9, 2006, and pursuant to Marathon's Agreement of Limited Partnership, the Receiver made demand upon the Limited Partners and General Partners of Marathon for their respective portion of unfunded capital commitments due Marathon, which total $2,336,974 in the aggregate.

| | |
|---|---|
| Entity Institutional Investors - | $1,434,986 |
| Individual Institutional Investors - | 751,656 |
| Marathon Investment Partners, GP, LLC - | 150,332 |
| Total Unfunded Commitments | $2,336,974 |

The Receiver has received payment in full, as of September 6, 2006, from:

| | | |
|---|---|---|
| | Chittenden Bank | $409,996 |
| | Danversbank | 68,333 |
| | BancBoston Invest. | 136,665 |
| | Banknorth | 409,996 |
| | Citizens Bank | 409,995 |
| | Paul Bolger | 45,556 |
| | Total | $1,480,541 |

The Receiver extended the demand due date to August 31, 2006 for the remaining unpaid partners. The Receiver has filed a motion with this Court to lift the judicial stay imposed by the Receivership Order in order to commence litigation for collection of the monies owed Marathon and the receivership estate.

11

## V. CLAIMS AGAINST THE RECEIVERSHIP

A.  Claims Bar Date Claims

This Court entered an Order on January 25, 2006 (hereinafter the "Claims Bar Date Order") by which it approved the procedures, as to both form and manner, for notifying all persons having potential claims against Marathon, the Receiver, or the Marathon Receivership Estate. The claims bar date established was March 31, 2006, the date by which all claims were to be submitted to the Receiver or be forever barred.

As further ordered, the Receiver mailed actual notice to all known potential claimants and published the Notice once each week for two weeks in the *Boston Globe* and *Portland Press Herald*, specifically in the February 17 and 24, 2006 editions.

In response to the mailed and published Notice, three claims were filed. One claim was subsequently withdrawn, the Receiver recommended the remaining two to be denied. A full description of the claims received and the Receiver's recommendations for payment thereof are included in the Receiver's Recommended Disposition of Claims Received In Response to Claims Bar Date (Docket No. 26 Exhibit 2). The motion for approval of the Receiver's Recommendation was approved by this Court by Order dated August 22, 2006 (Docket No. 28).

B.  The U.S. Small Business Administration ("SBA")

As noted in Section II, above, this Court entered a Judgment on May 26, 2005 in favor of SBA and against Marathon in the total amount of $15,354,725.58, which includes principal of $14,450,000.00 and accrued interest and fees in the amount of $904,725.58 with a per diem rate of $3,280.72 as of December 10, 2004 to May 23, 2005

plus post judgment interest pursuant to 28 U.S.C. § 1961 as of May 20, 2005. The Receiver has not made any payment on the Judgment as of the date of this report.

## VI. RECEIPTS AND DISBURSMENTS

The Schedule attached as Exhibit A to this Report sets forth Cash Receipts and Cash Disbursements made by the Receiver for the reporting period May 23, 2005 through July 31, 2006.

## VII. CONCLUSION

This First Receiver's Report was prepared by William J. Ash, Hollis Meddings Group, Principal Agent for the Receiver, with accounting information provided by The Riggs Group, PC, CPAs.

Respectfully submitted,

By: *[signature]*
William J. Ash
Hollis Meddings Group, Principal Agent
345 South Main Street
Providence, Rhode Island 02903

13

# EXHIBIT A

## SUMMARY OF CASH RECEIPTS AND DISBURSMENTS

## MAY 23, 2005 – JULY 31, 2006

SBA, Receiver for MARATHON INVESTMENT PARTNERS, L.P.

The schedule below sets forth receipts and disbursements for the period from 5-26-2005 to 7-31-2006

|  | 5/26/2005 to 7/31/2006 |
|---|---:|
| 1. Total Cash on Hand at the Beginning of the Period | $1,369,973.56 |
| 2. Receivership Operations | |
| A. Receipts from Receivership Operations: | |
| Recoveries on Loans: | |
| Stonewall Kitchen | 1,515,000.00 |
| Retail Solutions | 638,549.50 |
| American Pipe & Plastics | 504,917.00 |
| Maine Trailer, Inc. | 147,915.72 |
| Other: | |
| Capital Contributions | 819,992.00 |
| Interest Earned from Cash Accounts | 133,355.41 |
| Maine Trailer, Inc. {Distribution on Preferred Stock} | 50,000.00 |
| New Weathervane Retail Corp. {Bankruptcy Proceeds} | 46,379.96 |
| Spencer Technologies {Extension Fees} | 10,000.00 |
| Total Receipts from Receivership Operations | $3,866,109.59 |
| B. Disbursements from Receivership Operations | |
| Legal/Agent Fees | 223,491.66 |
| Accounting/Bookkeeping Fees | 37,401.03 |
| Travel Expenses | 9,167.40 |
| Rent/Overhead Allocation | 8,718.34 |
| Bank Charges/Trustee Fee | 5,403.14 |
| Administrative Services | 5,390.28 |
| Deposit for Receivership Office Space | 4,000.00 |
| Pro-Rata Rental Payment [Off-site] | 2,893.95 |
| Advertising [Including Bar Date Notice] | 1,460.11 |
| Delivery Services | 1,226.82 |
| Pro-Rata Share of Receivership Expansion | 907.66 |
| Miscellaneous Expenses | 48.37 |
| Photocopy Fees | 23.00 |
| Total Disbursements from Receivership Operations | 300,131.76 |
| Net Cash Gain / (Loss) from Receivership Operations | $3,565,977.83 |
| 3. Total Cash on Hand for the Period Ended July 31, 2006 | $4,935,951.39 |