**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civ. Action No. 05-10255 (MEL)** |
| | ) | |
| **MARATHON INVESTMENT PARTNERS, LP** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____)

**RECEIVER'S MOTION FOR ENTRY OF A FINAL ORDER APPROVING AND
CONFIRMING THE SECOND AND FINAL RECEIVER'S REPORT, APPROVING
THE FORM AND MANNER OF PROCEDURE FOR WINDING UP AND CLOSING
THE RECEIVERSHIP, TERMINATING THE RECEIVERSHIP,
AND DISCHARGING THE RECEIVER**

COMES NOW the United States Small Business Administration in its capacity as court appointed receiver ("the Receiver") for Marathon Investment Partners, LP ("Marathon") and hereby moves this Court for entry of an order (1) approving and confirming the Second and Final Receiver's Report; (2) allowing the Receiver to abandon collection efforts on the New Weathervane asset, which has been fully liquidated in bankruptcy proceedings; (3) approving the form and manner for winding up and closing the Marathon receivership estate; (4) terminating the Marathon receivership; and (5) discharging the Receiver. As more fully described in Memorandum of Law in support of this Motion, filed simultaneously herewith, the Receiver believes that entry of the requested order is in the best interest of the receivership estate.

WHEREFORE, the Receiver respectfully requests that this Court grant the Receiver's Motion and enter the proposed Order submitted herewith.

Respectfully submitted,
U.S. Small Business Administration as
Receiver for Marathon Investment Partners, LP

Dated: 7/25/07                    By:    /s/ Arlene M. Embrey
                                         Arlene M. Embrey
                                         Trial Attorney, SBIC Litigation/Liquidation
                                         Office of General Counsel
                                         U.S. Small Business Administration
                                         409 Third Street, S.W., 7th Floor
                                         Washington, D.C. 20416
                                         Telephone:   (202) 205-6976
                                         Facsimile:   (202) 481-0324
                                         Email:  arlene.embrey@sba.gov

2

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion of the U.S. Small Business Administration, Receiver for Marathon Investment Partners, LP  for Entry of a Final Order Approving and Confirming the Final Receiver's Report, Approving the Form and Manner for Winding Up and Closing the Receivership, Terminating the Receivership, and Discharging the Receiver, Memorandum of Law in Support thereof  and proposed "Final Order" were served by first class mail, postage prepaid, on this 25th day of July, 2007 upon the following :

Thomas F. Lee
BDC of New England
500 Edgewater Drive
Suite 555
Wakefield, MA 01180

Christopher R. Donato
United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

/s/ Arlene M. Embrey
Arlene M. Embrey

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

———————————————————————————

UNITED STATES OF AMERICA,          )

        Plaintiff,           )

        v.           )  **Civ. Action No. 05-10255 (MEL)**

MARATHON INVESTMENT PARTNERS, LP  )

        Defendant.         )

———————————————————————————

**SECOND AND FINAL RECEIVER'S REPORT FOR THE PERIOD OF**
**MAY 23, 2005 THROUGH JUNE 30, 2007**

## I. INTRODUCTION

This Second and Final Receiver's Report ("Final Report") is being filed with the Court by the U.S. Small Business Administration ("SBA"), which was appointed Receiver ("Receiver") for the Marathon Investment Partners Limited Partnership ("Marathon") pursuant to the Order of this Court entered May 26, 2005 (the "Receivership Order"). This narrative report summarizes the activities of the receivership and its current cash position. Significant events which occurred subsequent to the period covered by this Report but before the submission of this Report to the Court are also reported.

## II. RECEIVERSHIP BACKGROUND AND SBA JUDGEMENT

Marathon is a limited partnership organized under the laws of the state of Delaware. The partnership began operations on June 1, 1998 and, in September, 1998, was licensed by the United States Small Business Administration to operate as a small

business investment company under Section 301(c) of the Small Business Investment

Company Act of 1958, as amended (the "Act").

The United States, on behalf of SBA, filed a complaint against Marathon based

on Marathon's failure to comply with SBA's regulations, including its default in the

payment of its indebtedness to the SBA. This Court approved and entered the

Memorandum and Order (herein after referred to as the "Receivership Order") on

May 26, 2005. The judgment in favor of the SBA against Marathon is in the total amount

of $15,354,725.58 which includes principal of $14,450,000.00 and accrued interest and

fees in the amount of $904,725.58 with a per diem rate of $3,280.72 as of December 10,

2004 to May 23, 2005 plus post judgment interest pursuant to 28 U.S.C. § 1961 as of

May 23, 2005. There have been no payments made on the judgment to date.

### III. OPERATION OF THE RECEIVERSHIP

A.     General Operations

The overall function of the Receiver is to identify, marshal, and liquidate the

assets of Marathon, wherever located. In furtherance of this objective, the Receiver's

agents first obtained information with respect to the business of Marathon and other

information relevant to the operations and administration of the receivership, including it

investment funds, by meeting and or conferring with Marathon's former manager, its

former attorneys, former independent accountants, limited partners and other

knowledgeable persons. In addition, the Receiver's agents have analyzed the records

maintained by the SBA and the records maintained by Marathon. The Receiver's

independent accountants have also reconstructed the accounting records in each of

Marathon's portfolio files as required.

Specific action taken by the Receiver to identify, marshal, administer, and liquidate the assets of Marathon are discussed in detail below. Upon completion of the liquidation of Marathon, the proceeds of the liquidation will be used to satisfy the claims of creditors, including the SBA, in order of priority determined by this Court. Any excess proceeds will be distributed to the equity partners of Marathon as ordered by this Court.

B.    Notice of Receivership

In accordance with Paragraph 4 of the Receivership Order, the Receiver gave written notice of its appointment to relevant individuals and entities. In addition, the Receiver has notified all United States District Courts, in accordance with 28 U.S.C. §754.

C.    Personnel and Office

Pursuant to Paragraph 5 of the Receivership Order, the Receiver has retained various professionals to assist in operating the Receivership. The Hollis Meddings Group has been retained as Principal Agent and the Riggs Group, PC CPAs has been retained as independent accountants to assist with accounting and bookkeeping of Marathon and to prepare its tax returns.

The Receiver maintains all of Marathon's corporate, financial, and accounting records and conducts all receivership operations at it receivership office located at 666 Eleventh Street, N.W., Suite 200, Washington, DC 20001. The Receiver shares office space and the costs administrative services and overhead expenses with numerous other receiverships.

D.    Miscellaneous Operational Matters

1.      Bank Accounts

In further accordance with the authority granted in Paragraph 5 of the Receivership Order, the Receiver closed Marathon's bank accounts and opened a collateralized, interest bearing account at BB&T Bank in the name of SBA as Receiver for Marathon Investment Partners, LP.

2.          Tax Returns

Marathon was current in its tax return filings at the inception of the Receivership, specifically through it 2004 tax returns, Fiscal Year End ("FYE") 12/31/2004. The Receiver required extensive information to be gathered by the Principal Agent regarding defunct portfolio companies, former vendors; including attorneys and accountants as well as detail pertaining to changes in investment structure in portfolio company investments as late as 12/6/2005, prior to completing and filing the 2005 tax returns. The Riggs Group, PC CPAs filed an extension and is in the process of finalizing the 2006 tax returns which are now due  to be filed by  October 15, 2007..

3.          Corporate Compliance

The Receiver notified all taxing authorities that Marathon had been placed in federal receivership, and that this Court has jurisdiction over all matters involving the Marathon receivership estate. The Receiver also notified the Delaware Secretary of State and had the registered agent for service of process changed to CT Corporation.

**IV.      ANALYSIS OF ASSETS**

Marathon's assets at the date of entry of the Receivership Order consisted entirely of cash, loans and equity investments in small business concerns ("SBC") as described below.

A.     <u>Cash</u>

All cash is deposited into a fully collateralized, interest bearing bank account in the name of SBA as Receiver for Marathon Investment Partners, LP. The Receivership began operations on May 26, 2005 with a cash balance of $1,369,973.56. As shown in Exhibit A to this report, on June 30, 2007, the Receiver's bank balance was $3,660,471.24. During the period of this Final Receiver's Report, receipts from receivership operations totaled **$2,688,399.82**, while receivership expenditures totaled $253,879.97. A detailed summary of cash receipts and disbursements is provided in Exhibit A to this report.

B.     <u>Investments</u>

**1.**     **Spencer Technologies, Inc.** – Spencer Technologies, Inc (Spencer) is located in Worcester, MA and is principally engaged in the design, configuration and installation of telecommunication and data networking equipment inside buildings for point of sale systems, PC user stations and Local Area Networks (LANs). Marathon invested a total of $2,650,000 in Spencer as follows:

- Date of Original Investment – 10/25/1999

- $2,150,000, 14% promissory note that matured 1/1/06

- $1,218 for 1,218 shares of common stock

- $498,782 for 500 shares of series A preferred stock

Prior to the Marathon Receivership, Spencer struggled with both revenue generation and expense control issues and reported substantial losses since the Marathon loan was made. The company has been in violation of loan covenants dating prior to the

Receivership Order. On October 17, 2005, Spencer entered into a Letter of Intent (LOI) with a third party in an effort to sell the company. The proposal called for the Receiver to deeply discount the Marathon note and transfer all common and preferred stock to the party. The remaining shareholders of Spencer were to sell their stock to the party and reinvest a marginal portion of the proceeds into the acquiring company. Discussions stalled when Spencer learned that the party did not have the funding for the acquisition and the Spencer Board of Directors voted to terminate the LOI .

Spencer subsequently entered into another purchase proposal agreement with MICROS Systems, Inc. in late March 2006. The agreement called for Marathon's $2,150,000 loan principal and accrued interest in excess of $500,000, to be paid in full with Marathon retaining 12% on the common stock of Spencer. Negotiations failed when Spencer executive management / shareholders determined they would not receive an adequate return on their investment. In late July 2006, management requested that the senior lender and Marathon extend their respective maturity dates to June 1, 2007 and for Marathon to agree to a financial structure whereby an investment banker could then market the company. On June 8, 2007, Marathon extended the maturity date to September 1, 2007. On June 30, 2007, Spencer management reported that they were in the process of negotiating a refinancing of the senior debt. In addition, management proposed a buyout structure of the Marathon debt and preferred stock whereby management would pay $2,000,000 on the debt and an amount, to be determined in the immediate future, which would be allocated to the purchase of the preferred stock.

Upon closing of the receivership, this asset will be transferred to SBA in partial satisfaction of SBA's judgment against Marathon.

2.     **American Pipe and Plastics Inc.** - American Pipe & Plastics is located in Kirkwood, NY and is principally engaged in the extrusion of PVC conduit and sewer liner, as well as the fabrication of related products, for sale to utility companies, communications companies, construction contractors, municipalities and licensees throughout the United States.

Marathon has invested a total of $1,807,975 in American Pipe & Plastics, and has the following corporate equities:

- Date of Original Investment – May 30, 2001

- Series A Preferred Stock – 18,072.0368 shares

- Series A Non-Voting Common Stock – 4,560.7369 shares

- Series B Voting Common Stock – 7.7142 shares

- Series B Common Stock Warrants – 787.2928 units

Marathon Investment Partners wrote down the investment in American Pipe & Plastics as a complete loss in 2005, prior to the SBA being appointed as receiver.  After the SBA was appointed receiver, the company had performed a minor turnaround effort that stabilized the company, but still had issues with the refinancing of the company. Repayment was unclear, and an offer to purchase all equities and debt at $0.37 on the dollar was offered.  Instead, Marathon opted to restructure its debt into preferred stock with an 8% dividend yield, and payment of back interest on the debt totaling approximately $502,000.

The financial state of American Pipe & Plastics has greatly improved from over a year ago due to (1) a  refinancing effort beginning in November 2005 with Marathon Investment Partners converting $1.5 million in subordinated debt to Series A Preferred

Stock.  Another $1.5 million in subordinated debt was redeemed in early 2006; and (2) improved revenues and cash flow. After the refinancing, hurricanes Katrina and Rita hit the Gulf Coast, disrupting competitors in that region. As a result, American Pipe & Plastic was in a position to generate increased revenue, profits and cash flow for the months following the natural disaster.

Based on these circumstances, it is the Receiver's  opinion that the $1.8 million in Series A Preferred Stock is recoverable along with the 8% dividend. The Company hired a broker in the third quarter of 2006 to market the company.   Late in FY 2006, management offered a settlement payment of $500,000 to the SBA which was rejected based on the company's strong financial performance. Presently, the Principal Agent is in negotiations with management to reach a settlement agreement. In addition the Agent is in the process of obtaining offers to acquire the Receiver's position in American Pipe. Upon closing of the receivership, this asset will be transferred to SBA in partial satisfaction of SBA's judgment against Marathon.

3.     **Stonewall Kitchen, Inc**. – Stonewall Kitchen, located in York, Maine, operates a catalog, internet and retail chain store business that provides specialty  foods, kitchen utensils, cookware and tableware as well as home & garden supplies. Marathon invested $1,500,000 in Stonewall Kitchen.

- Date of Original Investment – June 30, 2000

- $1,500,000 12 % promissory note, paid off May 2005

- Warrants to purchase 7% of outstanding shares of common stock

After negotiations, the Receiver and Stonewall's management entered into an agreement whereby management would repurchase the outstanding warrants.  On

February 8, 2007 Marathon received $675,000 as a first and final payment for the warrants. Marathon has now been paid in full on this investment.

4.        **Maine Trailer, Inc.** – Maine Trailer, located in Bangor, Maine, provides over the road trailer leasing, trailer parts and servicing, storage services and new trailer sales. Marathon invested $1,500,000 in Maine Trailer.

- Date of Original Investment – 2/23/2001,

- $1,000,000 12% promissory note, Matured 2/2006, extended to 2/2007

- $500,000 for 1,944.5 shares of 8 % Series A Preferred stock

- 2,979 warrants to be exercised

- 2,660 warrants to be exercised

Maine Trailer is paying monthly interest as agreed as well as quarterly dividends on the preferred stock. The Receiver concluded that Maine Trailer was not living up to its financial expectations.  Consequently, when the note matured in February, 2006, the Receiver granted a one year extension until February, 2007.  During that period, ownership was preparing for the company to be sold at which time Marathon anticipated an exit. The Receiver subsequently extended the maturity date to February 2008. Recently, management terminated efforts to sell the company and has refocused on raising $750,000 in equity. Management and First New England Capital have agreed to each invest $250,000 and have requested the same from the Receiver. In the event that the Receiver does not invest, management and or First New England will invest, resulting in dilution of the Marathon investment.  Upon closing of the receivership, this asset will be transferred to SBA in partial satisfaction of SBA's judgment against Marathon.

5.     **Retail Solutions, Inc.** - Retail Solutions International, Inc (dba Retail Solutions, Inc.), located in Lincoln, Rhode Island, is a leading provider of demand data management tools and services for retailers and consumer goods companies seeking to maximize their profitability and efficiency. Marathon invested $250,000 in Retail Solutions, Inc. as follows:

- Date of Original Investment – 3/8/2001

- $250,000 14% promissory note

- Warrants to purchase 3.12% of outstanding shares of common stock

On October 5, 2005, Retail Solutions, Inc. was sold to VeriSign, Inc. for the aggregate purchase price of $24,500,000. The transaction paid off the Marathon $250,000 promissory note principal plus $19,152.78 in accrued interest, $875.04 in late charges and $2,500 in a prepayment premium. In addition, the redemption of warrants resulted in an additional realization of $372,147.00.  On October 23, 2006, the receiver was paid $55,416.91 representing the final payment which had been held in escrow since the closing on October 5, 2005. Marathon has been paid in full on this investment.

6.     **New Weathervane Retail Corporation** – New Weathervane is a mall-based retail chain that specialized in the sale of apparel and accessories targeting teenage girls between the ages of thirteen and nineteen. The company is located in New Britain, Connecticut. On June 3, 2004, New Weathervane filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (Case No. 04-11649 (PJW) Jointly Administered). With the approval of the court, the debtors sold the business on August 30, 2004. Pursuant to the sale, the debtors sold their leases for 63 retail store locations and substantially all of their other remaining assets other than inventory. The

debtor no longer conducts business and has wound down their estate. On September 2, 2005, the court entered an order dismissing the Chapter 11 case and authorized the payment of certain administrative claims and authorizing counsel for the official committee of unsecured creditors, of which Marathon was a member, to distribute the remaining funds held in a carve-out fund. On 12/27/2005, the Receiver received a check in the amount of $46,379.96 representing the first and final distribution of 2.3% of Marathon's unsecured claim of $2,000,000.

- Date of Original Investment – May 24, 1999

- $2,000,000 13% Promissory note

- $240,000 in 261,600 shares Series A Preferred Stock

- $12,127 in 24,714 shares Common Stock

The above stated debt and equity investment had been written off by Marathon prior to the Receivership. Thus, the Receiver respectfully requests that this court approve the abandonment of further collection effort with respect to New Weathervane Retail Company as no further distributions are expected.

C.    Office Furniture and Equipment

The Receiver's agents inspected Marathon's former offices located in Wakefield, MA. The office furniture and equipment used by Marathon is owned by an unrelated entity that now employs one of the former managers of Marathon.

D.    Unfunded Capital Commitments

On June 9, 2006, and pursuant to Marathon's Agreement of Limited Partnership, the Receiver made demand upon the Limited Partners and General Partners of Marathon for their respective portion of unfunded capital commitments due Marathon, which total $2,336,974 in the aggregate.

| | |
|---|---|
| Entity Institutional Investors - | $1,434,986 |
| Individual Institutional Investors - | 751,656 |
| Marathon Investment Partners, GP, LLC - | <u>150,332</u> |
| Total Unfunded Commitments | $2,336,974 |

The Receiver has received payments, as of June 30, 2007, from:

| | | |
|---|---|---|
| | Chittenden Bank | $409,996 |
| | Danversbank | 68,333 |
| | BancBoston Invest. | 136,665 |
| | Banknorth | 409,996 |
| | Citizens Bank | 409,996 |
| | Thomas Rosse | 501,104 |
| | James Milton | 68,333 |
| | Nelson Shaller | 136,665 |
| | Jack Stewart | 45,554 |
| | Thomas Whitney | 68,332 |
| | Paul Bolger | 45,556 |
| | Thomas Lee | 18,222 |
| (Partial payment from Mr. Lusso) | Clifford Lusso | <u>10,682</u> |
| | **Total Collected** | **$2,329,434** |

As of June 30, 2007 only $9,000 in capital commitment is owed to the Receiver, all being due from Clifford Lusso. Mr. Lusso is on a quarterly payment plan of $3,000 per quarter, and is paying as agreed. Mr. Lusso's final payment of $3,000 is due March 30, 2008. No legal expenses were incurred in the collection of the unfunded capital commitments. Upon terminate of the receivership, this asset will be assigned to SBA in partial satisfaction of its judgment against Marathon.

## V. CLAIMS AGAINST THE RECEIVERSHIP

A.     Claims Bar Date Claims

This Court entered an Order on January 25, 2006 (hereinafter the "Claims Bar Date Order") by which it approved the procedures, as to both form and manner, for notifying all persons having potential claims against Marathon, the Receiver, or the Marathon Receivership Estate. March 31, 2006 was established as the claims bar date, the date by which all claims were to be submitted to the Receiver or be forever barred.

As further ordered, the Receiver mailed actual notice to all known potential claimants and published the Notice once each week for two weeks in the *Boston Globe* and *Portland Press Herald*, specifically in the February 17 and 24, 2006 editions.

In response to the mailed and published Notice, three claims were filed. One claim was subsequently withdrawn, the Receiver recommended the remaining two to be denied. A full description of the claims received and the Receiver's recommendations for payment thereof are included in the Receiver's Recommended Disposition of Claims Received In Response to Claims Bar Date (Docket No. 26 Exhibit 2). On August 22, 2006, the Court approved the Receiver's recommendations as submitted.

B.     The U.S. Small Business Administration ("SBA")

favor of SBA and against Marathon in the total amount of $15,354,725.58, which

includes principal of $14,450,000.00 and accrued interest and fees in the amount of

$904,725.58 with a per diem rate of $3,280.72 as of December 10, 2004 to May 23, 2005

plus post judgment interest pursuant to 28 U.S.C. § 1961 as of May 23, 2005. A first

payment of $3,710,000 was made to the SBA on September 27, 2006. No further

payments have been made.


## VI. RECEIPTS AND DISBURSMENTS

The Schedule attached as Exhibit A to this Report sets forth Cash Receipts and

Cash Disbursements made by the Receiver for the reporting period May 23, 2005

through June 30, 2007 and the interim period, the Second receiver's report period, of

August 1, 2006 through June 30, 2007.

## VII. CONCLUSION


This Second and Final Receiver's Report was prepared by William J. Ash, Hollis

Meddings Group, Principal Agent for the Receiver, with accounting information provided

by The Riggs Group, PC, CPAs.

Respectfully submitted,

By: _____

William J. Ash
Hollis Meddings Group, Principal Agent
345 South Main Street
Providence, Rhode Island 02903

**SBA, Receiver for MARATHON INVESTMENT PARTNERS, L.P.**

**The schedule below sets forth receipts and disbursements for the periods
08-01-06 to 06-30-07 and 05-26-05 to 06-30-07, respectively**

|  | 08-01-06<br>to 06-30-07 |
|---|---|
| 1. Total Cash on Hand at the Beginning of the Period | $4,935,951.39 |
| 2. Receivership Operations: | |
| A. Receipts from Receivership Operations: | |
| Recoveries on Loans: | |
| Stonewall Kitchen | 675,000.00 |
| Retail Solutions | 55,449.70 |
| American Pipe & Plastics | 135,667.00 |
| Maine Trailer, Inc. | 105,554.88 |
| Other: | |
| Capital Contributions | 1,509,441.88 |
| Interest Earned from Cash Accounts | 145,459.76 |
| Maine Trailer, Inc. {Distribution on Preferred Stock} | 40,000.00 |
| New Weathervane Retail Corp. {Bankruptcy Proceeds} | - |
| Spencer Technologies {Extension Fees} | 20,000.00 |
| Semmes, Bowen, Semmes (Return of Pre-Recv'r Retainer) | 1,826.60 |
| Total Receipts from Receivership Operations | $2,688,399.82 |
| B. Disbursements from Receivership Operations: | |
| Legal/Agent Fees | 174,770.18 |
| Accounting/Bookkeeping Fees | 60,508.49 |
| Travel Expenses | 1,783.47 |
| Rent/Overhead Allocation | 8,021.26 |
| Bank Charges/Trustee Fee | 5,428.13 |
| Administrative Services | 1,540.11 |
| Deposit for Receivership Office Space | - |
| Pro-Rata Rental Payment [Off-site] | - |
| Advertising [Including Bar Date Notice] | - |
| Delivery Services | 315.33 |
| Pro-Rata Share of Receivership Expansion | - |
| Miscellaneous Expenses * | -40.00 |
| Photocopy Fees | - |
| Corporate Compliance | 1,353.00 |
| Filing Fees | 200.00 |
| Total Disbursements from Receivership Operations | $253,879.97 |
| Net Cash Gain / (Loss) from Receivership Operations | $2,434,519.85 |

3 Distributions:

      Payment on Judgement (to SBA)            $3,710,000

4.  Total Cash on Hand for the Period Ended June 30, 2007:    **$3,660,471.24**

* Note: ($40.00) represents a redeposit of a check cut in prior reporting period that was not used for the purpose intended.

| 05-26-05<br>to 06-30-07 |
| --- |
| $1,369,973.56 |
| |
| 2,190,000.00 |
| 693,999.20 |
| 640,584.00 |
| 253,470.60 |
| |
| 2,329,433.88 |
| 278,815.17 |
| 90,000.00 |
| 46,379.96 |
| 30,000.00 |
| 1,826.60 |
| $6,554,509.41 |
| |
| 398,261.84 |
| 97,909.52 |
| 10,950.87 |
| 16,739.60 |
| 10,831.27 |
| 6,930.39 |
| 4,000.00 |
| 2,893.95 |
| 1,460.11 |
| 1,542.15 |
| 907.66 |
| 8.37 |
| 23.00 |
| 1,353.00 |
| 200.00 |
| $554,011.73 |
| $6,000,497.68 |

$3,710,000

**$3,660,471.24**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 05-10255 (MEL) |
| | ) |
| MARATHON INVESTMENT PARTNERS, LP | ) |
| | ) |
| Defendant. | ) |

_____)

## FINAL ORDER

This matter came upon the Motion of the U.S. Small Business Administration as Receiver for Marathon Investment Partners, LP for an Order for Entry of a Final Order Approving and Confirming the Second and Final Receiver's Report, Approving the Form and Manner of Procedure for Winding Up and Closing the Receivership, Terminating the Receivership, and Discharging the Receiver. After careful consideration, this Court, being duly advised on the merits of the Motion,

**HEREBY ORDERS AND DECREES THAT:**

1.     The Receiver's Motion is granted in its entirety;

2.     This Court approves and confirms (a) the Second and Final Receiver's Report, (b) the Summary of Cash Receipts and Disbursements of Marathon Investment Partners, LP for the period August 1, 2006 through June 30, 2007, and (3) each and every action and transaction taken by the Receiver as reported in the Second and Final Receiver's Report.

3.     The Court authorizes the Receiver to abandon collection efforts on the New Weathervane asset, as the Receiver's position has been satisfied and/or otherwise terminated in a separate bankruptcy proceeding.

4.      The Receiver's agents are hereby ordered to perform all final administrative and

accounting tasks necessary to windup and close the Marathon receivership estate in an

orderly manner, and to discharge the Receiver and its agents.  These tasks include, but are

not limited to the following: a) finalizing the accounting books and records of Marathon

and closing the receivership bank account; b) delivering the files and records of Marathon

to the Federal Record Center, with the exception of those pre-receivership corporate files

of Marathon that will be delivered to Marathon's General Partner, Marathon Investment

Partners,

GP, LLC, c/o Tom Lee, 500 Edgewater Drive Suite 555, Wakefield, MA 01180; and c)

transferring the remaining Marathon assets to SBA in partial satisfaction of SBA's

judgment against Marathon.  The Receiver will undertake and complete these tasks

within ninety (90) days after receipt of notification of the entry of the Final Order by this

Court.

5.      This Court approves and confirms the form and manner of procedures for

winding up and closing the Marathon receivership as set forth in the Memorandum of

Law in Support of the Motion filed by the Receiver.  Within ninety (90) days of receipt of

notification of the entry of this Final Order, the Receiver and its agents shall perform any

and all final administrative and accounting tasks necessary to implement the provisions of

this Final Order in order to windup and terminate the Marathon receivership and

discharge the Receiver, its agents, attorneys, contractors, the SBA, and its employees, and

all other persons who have acted on the Receiver's behalf.

6.      Any and all expenses associated with the windup and closing procedures

shall be and are hereby chargeable and payable as administrative expenses of the

Marathon receivership.  The Receiver is hereby authorized to prepay monies to the Receiver's agents, accountants and others to facilitate the closing of the receivership after the Marathon  receivership bank account is closed.  Any funds not expended in the closing of the Marathon  receivership shall be remitted to the SBA, along with reconciliation, within six (6) months of closing the Marathon receivership.

7.    William Ash, Member of the Principal Agent for the Receiver, Charlotte Johnson, Financial Analyst, Office of Liquidation, U.S. Small Business Administration, or such other agent or employee as the SBA in its sole discretion shall designate, are hereby appointed and authorized to sign on behalf of the Receiver any and all documents necessary to windup and close the Marathon receivership.

8.    Within ninety (90) days of the Receiver's receipt of notification of entry of this Final Order, control of Marathon is unconditionally transferred and returned to Marathon's General Partner, Marathon Investment Partners, GP, LLC, c/o Tom Lee, 500 Edgewater Drive Suite 555, Wakefield, MA 01180. Such transfer and return of control shall not be effective until entry of the Final Order discharging the Receiver, and until the Receiver has completed all actions necessary to windup and close the Marathon receivership estate.

9.    Within ninety (90) days after receiving notification of the entry of the Final Order by the Court, the Receiver shall transfer and deliver limited accounting records of the Marathon receivership that may be necessary to enable Marathon to prepare and file tax returns that may become due after the termination of the Marathon receivership to Marathon's General Partner, Marathon Investment Partners, GP, LLC, c/o Tom Lee 500 Edgewater Drive Suite 555, Wakefield, MA 01180. The Receiver is hereby ordered to

assign, transfer and deliver to SBA all of the records and files that are not delivered to the

limited partners of Marathon in accordance with paragraph 8 above, within ninety (90)

days after the Receiver receives notification of the entry of the Final Order, with the

exception that the pre-receivership corporate files of Marathon will be sent to Marathon's

General Partner, Marathon Investment partners, GP, LLC, c/o Tom Lee 500 Edgewater

Drive, Suite 555, Wakefield, MA 01180. The Receiver shall deliver all of those records

and files which are assigned to SBA to the Federal Record Center. SBA is authorized to

dispose of these records and files one year after the entry of the Final Order, except that

SBA shall retain all post-receivership accounting records not returned to Marathon's

limited partners for a period of three (3) years from the date of entry of the Final Order.

In the event that Marathon's general or limited partners wish to obtain copies of such

documents, they shall serve a written request upon SBA, to the attention of Charlotte

Johnson, Financial Analyst, Office of Liquidation, U.S. Small Business Administration,

409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416. Requests for copies of

accounting documents shall be served within three years after the entry of the Final

Order, and requests for copies of all other documents shall be served within one year.

   10.  Following the payment of all administrative expenses of the Marathon

receivership, the Receiver is hereby ordered and authorized to transfer the balance of cash

remaining in the bank account of the Marathon receivership estate, as well as any

remaining assets, to SBA in partial satisfaction of SBA's judgment against Marathon.

   11.  The Receiver is hereby authorized and ordered to surrender Marathon's

SBIC license to the SBA, to the attention of Charlotte Johnson, Financial Analyst, Office

of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor,

Washington, D.C. 20416, and the SBA is hereby authorized to revoke said license upon entry of this Final Order.

12.     The Receiver is hereby ordered to file a Final Notice with this Court confirming that the Receiver has completed the procedures enumerated in the Final Order for winding up and closing the Marathon receivership.  The Receiver is further ordered to attach, as an exhibit to the Final Notice, a Final Cash Receipts and Disbursements Summary from the date of inception of the Marathon receivership, May 26, 2005, through the date of the closing of the Marathon receivership bank account.

13.     The Receiver is hereby ordered to serve a copy of this Final Order upon the general and limited partners of Marathon c/o Marathon's General Partner, Marathon Investment partners, GP, LLC, c/o Tom Lee, 500 Edgewater Drive, Suite 555, Wakefield, MA 01180

14.     The Receiver is hereby ordered to serve notice of the entry of the Final Order, and the transfer of control of Marathon, upon the federal and state tax offices, the Delaware and Massachusetts Secretaries of State, and upon Marathon's registered agents for service of process.  The Receiver shall prepare and file any reports that are due prior to the discharge of the Receiver.

15.     All claims against and obligations of Marathon, the Marathon receivership estate, and the Receiver and its current and former agents, attorneys, employees, contractors, and all other persons who acted on the Receiver's behalf, arising from or relating in any way to the Marathon receivership, shall be discharged within ninety (90) days of receipt by the Receiver of notification of entry of this Final Order, with the exception that the SBA judgment shall not be discharged.

16.     The Marathon receivership is terminated, the SBA is discharged as Receiver, and the SBA, its employees, officers, agents, contractors, attorneys, and any other person who acted on behalf of the Receiver, are hereby discharged and released from any and all claims, obligations and liabilities arising from or relating to the activities, conduct or management and operation of Marathon, the Marathon receivership and the Marathon receivership estate, within ninety (90) days of the Receiver receiving notification of entry of this Final Order.

17.     The stay imposed by this Court pursuant to paragraphs 7 and  8 of the Receivership Order dated May 26, 2005 shall be and is hereby lifted in its entirety, within ninety (90) days of receipt by the Receiver of notification of entry of this Final Order.

**SO ORDERED** this __ day of _____ 2007, in Boston, Massachusetts.

_____
THE HONORABLE MORRIS LASKER
UNITED STATES DISTRICT COURT JUDGE