IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>MARATHON INVESTMENT PARTNERS, LP<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 05-10255 (MEL)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION FOR ENTRY OF A FINAL ORDER APPROVING AND CONFIRMING THE SECOND AND FINAL RECEIVER'S REPORT, APPROVING THE FORM AND MANNER OF PROCEDURE FOR WINDING UP AND CLOSING THE RECEIVERSHIP, TERMINATING THE RECEIVERSHIP, AND DISCHARGING THE RECEIVER**

In support of its Motion for Entry of a Final Order Approving and Confirming the Second and Final Receiver's Report, Approving the Form and Manner of Procedure for Winding Up and Closing the Receivership, Terminating the Receivership, and Discharging the Receiver, the United States Small Business Administration ("SBA"), in its capacity as court-appointed Receiver ("the Receiver") for Marathon Investment Partners, LP ("Marathon") states follows:

Pursuant to an Order entered by this Court on May 26, 2005 ("Receivership Order"), this Court appointed the SBA as Receiver of Marathon and instructed the Receiver, *inter alia*, to assume control of and take over the operation of Marathon and to pursue and preserve all of its claims. Under this Court's supervision, the Receiver and its agents have marshaled Marathon's assets, solicited claims against Marathon and the receivership estate, and completed the liquidation of the majority of Marathon's assets.

In furtherance of its duties to establish a pool of creditors for the estate, the

Receiver requested, and by order entered January 25, 2006, (Docket No. 25) this Court adopted procedures for persons other than SBA, and persons retained by the Receiver, to submit claims against Marathon or the receivership estate and established a bar date, March 31, 2006, after which date no further claims would be considered.  Pursuant to this Court's direction, persons who might have had claims against Marathon or the receivership estate were notified by first class mail and/or by publication in newspapers of general circulation.  By Order dated August 22, 2006, this Court approved the Receiver's recommended disposition of claims.

Filed simultaneously herewith as Exhibit 1 to the Motion is the Second and Final Receiver's Report for the period August 1, 2006 through June 30, 2007 ("Receiver's Report").  The Receiver's Report summarizes both the Receiver's actions throughout that period and the transactions and receipts and disbursements of the receivership during the period covered.   A summary of cash receipts and disbursements for the Marathon receivership for the period from August 1, 2006 through June 30, 2007 is attached to the Receiver's Report as Exhibit A.

The filing of a Receiver's Report, and the Order confirming the Receiver's actions, allows the Receiver to keep the Court informed as to the status of the property which the Receiver possesses and which is considered to be the property of the Court. The filing of a Receiver's Report and the confirmation thereof by the Receivership Court also sanctions the Receiver actions undertaken in fulfillment of its duties as decreed in the Receivership Order. See generally Clark's on Receiver's, Vol. 2 §382   (W.H. Anderson & Co. 1959 & Supp. 1968).   Accordingly, the Receiver is requesting that this Court approve the Second Receiver's Report  and every act, transaction and receipt and

disbursement reported therein.

The Receiver is also recommending and requesting that this Court approve the following procedures and the steps necessary for the Receiver to wind up and close the Marathon receivership estate. In addition, the Receiver is requesting that this Court approve and confirm the actions taken by the Receiver during the period covered by the Receiver's Report pursuant to the Receivership Order. In summary,

1. The Receiver is requesting that this Court approve and confirm the Second Receiver's Report, the acts and transactions reported therein and the summary of receipts and disbursements appended thereto and that this Court allow the Receiver to abandon collection efforts on the New Weathervane asset, which has been fully liquidated in bankruptcy proceedings;

2. The Receiver's agents will perform all final administrative and accounting tasks necessary to windup and close the Marathon receivership estate in an orderly manner, and to discharge the Receiver and its agents. These tasks will include, but are not limited to, finalizing the receivership accounting books and records; arranging, within ninety (90) days from the date of entry of this order for the return of control of Marathon to its General Partner, Marathon Investment Partners GP, LLC, c/o Tom Lee, 500 Edgewater Drive, Suite 555, Wakefield, MA 01180; and delivering Marathon's post-receivership records to the Federal Records Center.

3. The Receiver is recommending and requesting that this Court authorize that any expenses associated with the winding up and closing procedures be charged and payable as administrative expenses of Marathon receivership estate.

4. The Receiver will undertake and complete the tasks listed herein within

ninety e (90) days of receipt of notification of the entry of the Final Order by this Court.

    5.    The Receiver proposes to prepay monies to the agents, accountants and others to facilitate the closing of the Marathon receivership after the receivership bank account is closed. Any prepaid funds not expended in the closing of the Marathon receivership will be remitted to the SBA, along with reconciliation within six months of the close of the Marathon receivership, in partial satisfaction of SBA's judgment against Marathon.

    6.    The Receiver recommends that this Court appoint and authorize either William Ash, member of the Principal Agent for the Receiver, or Charlotte Johnson, Financial Analyst, U.S. Small Business Administration, or such other agent or employee as SBA in its sole discretion shall designate, to sign on behalf of the Receiver any and all papers necessary to wind up and close the Marathon receivership.

    7.    The Receiver recommends and requests that this Court authorize it to unconditionally transfer and return control of Marathon its General Partner, Marathon Investment partners, GP, LLC, c/o Tom Lee, 500 Edgewater Drive, Suite 555, Wakefield, MA 01180, within ninety (90) days after receipt of notification of entry of the Final Order. The Receiver further recommends and requests that such transfer and return of control not be effective unless and until this Court enters a Final Order discharging the Receiver. In addition, the Receiver requests that such transfer and return of control not be effective until the Receiver has completed all actions necessary to windup and close the Marathon receivership estate.

    8.    Within ninety (90) days after receiving notification of the entry of the Final Order by the Court, the Receiver proposes to transfer and deliver the accounting

records of the Marathon receivership that may be necessary to enable Marathon to prepare and file tax returns that may be due after termination of the Marathon receivership to Marathon's its General Partner.

9. The Receiver recommends that all records and files of Marathon and the Receiver that are not delivered to Marathon's General Partner pursuant to paragraph 8 above, be assigned, transferred and delivered to SBA within ninety (90) days after the Receiver receives notification of the entry of the Final Order. The Receiver proposes to deliver those records and files assigned to SBA to the Federal Records Center, and requests this Court to authorize SBA to dispose of those records and files one year after the entry of the Final Order, except that SBA shall retain all post-receivership accounting records not returned to Marathon's limited partners for a period of three (3) years from the date of entry of the Final Order. In the event that the general or limited partners of Marathon wish to obtain copies of such documents, they shall be instructed to serve a written request upon SBA, to the attention of Charlotte Johnson, Financial Analyst, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416. Requests for copies of accounting documents must be served within three years after the entry of the Final Order, and requests for copies of all other documents must be served within one year.

10. Following the payment of all administrative expenses of the Marathon receivership, the Receiver will transfer the balance of cash remaining in the bank account of the Marathon receivership, and any remaining Marathon assets in the marathon receivership estate, to the SBA in partial satisfaction of SBA's judgment against Marathon.

11.     The Receiver will notify the limited partners of Marathon of the proposed wind up and closing of the receivership, the proposed revocation of the SBIC license, and the proposed transfer of control of Marathon to its General Partner, subject to final approval and order of this Court.  Such notice of proposed actions will be effective upon the mailing of a copy of this Motion and Memorandum to the general and limited partners of Marathon.

12.     Pursuant to the determination and adjudication of this Court set forth in ¶10 of the Receivership Order, the Receiver is recommending that the SBIC license of Marathon be revoked.  The Receiver is requesting that this Court approve and authorize the Receiver to surrender Marathon's SBIC license to the SBA, to the attention of Charlotte Johnson, Financial Analyst, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416, and is further requesting that this Court authorize the SBA to revoke said license upon entry of the Final Order.

13.     The Receiver proposes to file a Final Notice with the Court confirming that it has completed the procedures enumerated in the Final Order for winding up and closing the Marathon receivership.  The Receiver proposes to attach, as an exhibit to the Final Notice, a Final Cash Receipts and Disbursements Summary from the date of inception of the Marathon receivership, May 26, 2005, through the date of closing of the receivership bank account.

14.     The Receiver proposes to serve notice of the entry of the Final Order, and the transfer of corporate control of Marathon to its General Partner, Marathon Investment Partners, GP, LLC, c/o Tom Lee, 500 Edgewater Drive, Suite 555, Wakefield MA 01180,

upon the federal and state tax offices, the Delaware and Massachusetts Secretaries of State, and upon Marathon's registered agents for service of process. The Receiver proposes to prepare and file any reports that may be due prior to the discharge of the Receiver.

15. The Receiver is recommending and requesting that all claims against, and obligations of Marathon, the Marathon receivership estate, and of the Receiver and its current and former agents, attorneys, employees, contractors, and all other persons who acted on the Receiver's behalf arising from or relating in any way to the Marathon receivership, shall be discharged within ninety (90) days after the Receiver receives notification of entry of the Final Order, with the exception of the SBA judgment, which the Receiver is requesting not be discharged.

16. The Receiver is recommending and requesting that the Final Order provide (i) that the Marathon receivership be terminated; and (ii) that the SBA, the SBA as Receiver, the SBA's employees and the Receiver's current and former agents, contractors, attorneys and any other persons who have acted for or on the behalf of the Receiver, be discharged and relieved of any and all liability for any and all claims, obligations and liabilities arising from or relating to the activities, conduct or management or operation of Marathon receivership, within ninety (90) days after entry of the Final Order.

17. The Receiver requests this Court, to lift the stay imposed by this Court pursuant to paragraphs 7 and 8 of the Receivership Order dated May 26, 2005 within ninety (90) days after the Receiver receives notification of entry of the Final Order.

The Receiver believes that these wind-up and closing procedures are in the best

interest of the receivership estate. Therefore, the Receiver respectfully requests that this Court grant the Receiver's Motion and enter the proposed order submitted herewith that sets forth the procedures for winding up the Marathon receivership estate.

                                              Respectfully submitted,
                                              U.S. Small Business Administration as
                                              Receiver for Marathon Investment Partners

Dated: 7/25/07                    By:    /s/ Arlene M. Embrey
                                                          Arlene M. Embrey
                                              Trial Attorney, SBIC Litigation/Liquidation
                                              Office of General Counsel
                                              U.S. Small Business Administration
                                              409 Third Street, S.W., 7th Floor
                                              Washington, D.C. 20416
                                              Telephone:  (202) 205-6976
                                              Facsimile:  (202) 481-0324
                                              Email:  arlene.embrey@sba.gov