IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARATHON INVESTMENT PARTNERS, LP<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civ. Action No. 05-10255 (MEL)<br>)<br>)<br>)<br>)<br>) |

## FINAL ORDER

This matter came upon the Motion of the U.S. Small Business Administration as Receiver for Marathon Investment Partners, LP for an Order for Entry of a Final Order Approving and Confirming the Second and Final Receiver's Report, Approving the Form and Manner of Procedure for Winding Up and Closing the Receivership, Terminating the Receivership, and Discharging the Receiver. After careful consideration, this Court, being duly advised on the merits of the Motion,

**HEREBY ORDERS AND DECREES THAT:**

1. The Receiver's Motion is granted in its entirety;

2. This Court approves and confirms (a) the Second and Final Receiver's Report, (b) the Summary of Cash Receipts and Disbursements of Marathon Investment Partners, LP for the period August 1, 2006 through June 30, 2007, and (3) each and every action and transaction taken by the Receiver as reported in the Second and Final Receiver's Report.

3. The Court authorizes the Receiver to abandon collection efforts on the New Weathervane asset, as the Receiver's position has been satisfied and/or otherwise terminated in a separate bankruptcy proceeding.

4. The Receiver's agents are hereby ordered to perform all final administrative and accounting tasks necessary to windup and close the Marathon receivership estate in an orderly manner, and to discharge the Receiver and its agents. These tasks include, but are not limited to the following: a) finalizing the accounting books and records of Marathon and closing the receivership bank account; b) delivering the files and records of Marathon to the Federal Record Center, with the exception of those pre-receivership corporate files of Marathon that will be delivered to Marathon's General Partner, Marathon Investment Partners, GP, LLC, c/o Tom Lee, 500 Edgewater Drive Suite 555, Wakefield, MA 01180; and c) transferring the remaining Marathon assets to SBA in partial satisfaction of SBA's judgment against Marathon. The Receiver will undertake and complete these tasks within ninety (90) days after receipt of notification of the entry of the Final Order by this Court.

5. This Court approves and confirms the form and manner of procedures for winding up and closing the Marathon receivership as set forth in the Memorandum of Law in Support of the Motion filed by the Receiver. Within ninety (90) days of receipt of notification of the entry of this Final Order, the Receiver and its agents shall perform any and all final administrative and accounting tasks necessary to implement the provisions of this Final Order in order to windup and terminate the Marathon receivership and discharge the Receiver, its agents, attorneys, contractors, the SBA, and its employees, and all other persons who have acted on the Receiver's behalf.

6. Any and all expenses associated with the windup and closing procedures shall be and are hereby chargeable and payable as administrative expenses of the

Marathon receivership. The Receiver is hereby authorized to prepay monies to the Receiver's agents, accountants and others to facilitate the closing of the receivership after the Marathon receivership bank account is closed. Any funds not expended in the closing of the Marathon receivership shall be remitted to the SBA, along with reconciliation, within six (6) months of closing the Marathon receivership.

7. William Ash, Member of the Principal Agent for the Receiver, Charlotte Johnson, Financial Analyst, Office of Liquidation, U.S. Small Business Administration, or such other agent or employee as the SBA in its sole discretion shall designate, are hereby appointed and authorized to sign on behalf of the Receiver any and all documents necessary to windup and close the Marathon receivership.

8. Within ninety (90) days of the Receiver's receipt of notification of entry of this Final Order, control of Marathon is unconditionally transferred and returned to Marathon's General Partner, Marathon Investment Partners, GP, LLC, c/o Tom Lee, 500 Edgewater Drive Suite 555, Wakefield, MA 01180. Such transfer and return of control shall not be effective until entry of the Final Order discharging the Receiver, and until the Receiver has completed all actions necessary to windup and close the Marathon receivership estate.

9. Within ninety (90) days after receiving notification of the entry of the Final Order by the Court, the Receiver shall transfer and deliver limited accounting records of the Marathon receivership that may be necessary to enable Marathon to prepare and file tax returns that may become due after the termination of the Marathon receivership to Marathon's General Partner, Marathon Investment Partners, GP, LLC, c/o Tom Lee 500 Edgewater Drive Suite 555, Wakefield, MA 01180. The Receiver is hereby ordered to

assign, transfer and deliver to SBA all of the records and files that are not delivered to the limited partners of Marathon in accordance with paragraph 8 above, within ninety (90) days after the Receiver receives notification of the entry of the Final Order, with the exception that the pre-receivership corporate files of Marathon will be sent to Marathon's General Partner, Marathon Investment partners, GP, LLC, c/o Tom Lee 500 Edgewater Drive, Suite 555, Wakefield, MA 01180. The Receiver shall deliver all of those records and files which are assigned to SBA to the Federal Record Center. SBA is authorized to dispose of these records and files one year after the entry of the Final Order, except that SBA shall retain all post-receivership accounting records not returned to Marathon's limited partners for a period of three (3) years from the date of entry of the Final Order. In the event that Marathon's general or limited partners wish to obtain copies of such documents, they shall serve a written request upon SBA, to the attention of Charlotte Johnson, Financial Analyst, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor, Washington, D.C. 20416. Requests for copies of accounting documents shall be served within three years after the entry of the Final Order, and requests for copies of all other documents shall be served within one year.

10. Following the payment of all administrative expenses of the Marathon receivership, the Receiver is hereby ordered and authorized to transfer the balance of cash remaining in the bank account of the Marathon receivership estate, as well as any remaining assets, to SBA in partial satisfaction of SBA's judgment against Marathon.

11. The Receiver is hereby authorized and ordered to surrender Marathon's SBIC license to the SBA, to the attention of Charlotte Johnson, Financial Analyst, Office of Liquidation, U.S. Small Business Administration, 409 Third Street, S.W., Sixth Floor,

Washington, D.C. 20416, and the SBA is hereby authorized to revoke said license upon entry of this Final Order.

12. The Receiver is hereby ordered to file a Final Notice with this Court confirming that the Receiver has completed the procedures enumerated in the Final Order for winding up and closing the Marathon receivership. The Receiver is further ordered to attach, as an exhibit to the Final Notice, a Final Cash Receipts and Disbursements Summary from the date of inception of the Marathon receivership, May 26, 2005, through the date of the closing of the Marathon receivership bank account.

13. The Receiver is hereby ordered to serve a copy of this Final Order upon the general and limited partners of Marathon c/o Marathon's General Partner, Marathon Investment partners, GP, LLC, c/o Tom Lee, 500 Edgewater Drive, Suite 555, Wakefield, MA 01180

14. The Receiver is hereby ordered to serve notice of the entry of the Final Order, and the transfer of control of Marathon, upon the federal and state tax offices, the Delaware and Massachusetts Secretaries of State, and upon Marathon's registered agents for service of process. The Receiver shall prepare and file any reports that are due prior to the discharge of the Receiver.

15. All claims against and obligations of Marathon, the Marathon receivership estate, and the Receiver and its current and former agents, attorneys, employees, contractors, and all other persons who acted on the Receiver's behalf, arising from or relating in any way to the Marathon receivership, shall be discharged within ninety (90) days of receipt by the Receiver of notification of entry of this Final Order, with the exception that the SBA judgment shall not be discharged.

16. The Marathon receivership is terminated, the SBA is discharged as Receiver, and the SBA, its employees, officers, agents, contractors, attorneys, and any other person who acted on behalf of the Receiver, are hereby discharged and released from any and all claims, obligations and liabilities arising from or relating to the activities, conduct or management and operation of Marathon, the Marathon receivership and the Marathon receivership estate, within ninety (90) days of the Receiver receiving notification of entry of this Final Order.

17. The stay imposed by this Court pursuant to paragraphs 7 and 8 of the Receivership Order dated May 26, 2005 shall be and is hereby lifted in its entirety, within ninety (90) days of receipt by the Receiver of notification of entry of this Final Order.

SO ORDERED this 8 day of August 2007, in Boston, Massachusetts.

_____
THE HONORABLE MORRIS LASKER
UNITED STATES DISTRICT COURT JUDGE